UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| LISA MENNINGER,<br><br>               Plaintiff,<br><br>v.<br><br>PPD DEVELOPMENT, L.P.,<br><br>               Defendant. | Civil Action No.  1:19-CV-11441-LTS |

**DEFENDANT'S MOTION FOR SUMMARY JUDGMENT**

Pursuant to Local Rule 56.1 and Fed. R. Civ. P. 56, Defendant PPD Development, L.P. ("PPD" or the "Company") moves this Court for an order granting it summary judgment on each of Plaintiff Lisa Menninger's ("Plaintiff") two causes of action: Count I (disability discrimination and retaliation under the Americans with Disabilities Act ("ADA")), and Count II (disability discrimination and retaliation under M.G.L. c. 151B).  In support of this Motion, PPD relies on its accompanying Statement of Undisputed Material Facts and Memorandum of Law, and states as follows:

      1.      Plaintiff's claims of disability discrimination (under both the ADA and M.G.L. c. 151B) fail as a matter of law because she is unable to show that she was (or is) a qualified individual who was (or is) able to perform her job at PPD with or without a reasonable accommodation.

      2.      Plaintiff's claims of disability discrimination (under both the ADA and M.G.L. c. 151B) fail as a matter of law because she is unable to show that PPD took any adverse employment action against her because of her disability.

1

3. Plaintiff's claims of disability discrimination (under both the ADA and M.G.L. c. 151B) fail as a matter of law because she is unable to show that a reasonable accommodation was available.

4. Plaintiff's claims of disability discrimination (under both the ADA and M.G.L. c. 151B), to the extent they are based on PPD's alleged failure to engage in the interactive process, fail as a matter of law because the record shows that PPD did in fact engage in the interactive process with Plaintiff (and it was Plaintiff, not PPD, who terminated the dialogue).

5. Plaintiff's claims of disability discrimination (under both the ADA and M.G.L. c. 151B) fail as a matter of law because Plaintiff's application for social security disability insurance (which was successful) – in which she certified to the federal government that she is unable to work – estops her from arguing that she is able to perform her job at PPD.

6. Plaintiff's claims of retaliation (under both the ADA and M.G.L. c. 151B) fail as a matter of law because she cannot show that she suffered an adverse employment action.  Even if Plaintiff could somehow show that she suffered an adverse employment action (she cannot), she is unable to show that it was causally connected to any protected activity.

7. Even if Plaintiff could somehow establish prima facie cases of discrimination and/or retaliation (under the ADA and/or M.G.L. c. 151B), there is no evidence to suggest that PPD's reasons for addressing Plaintiff's performance deficiencies were pretextual.

8. For these reasons, PPD is entitled to summary judgment on Counts I and II (i.e., the entirety of) Plaintiff's Complaint.

WHEREFORE, PPD respectfully requests that the Court grant its Motion for Summary Judgment, enter judgment in favor of PPD, and grant such other and further relief as the Court deems just.

        PPD DEVELOPMENT, L.P.,

        By its attorneys,

        /s/ *Alexandra E. Shaw*
        Rachel Reingold Mandel (BBO #660495)
        Alexandra E. Shaw (BBO #694534)
        OGLETREE, DEAKINS, NASH, SMOAK & STEWART, P.C.
        One Boston Place, Suite 3500
        Boston, MA 02108
        Telephone: (617) 994-5700
        Facsimile:  (617) 994-5701
        rachel.mandel@ogletree.com
        alexandra.shaw@ogletree.com

Dated: March 24, 2021

## REQUEST FOR ORAL ARGUMENT

Pursuant to Local Rule 7.1(d), Defendant submits that it believes oral argument may assist the Court in deciding this Motion.  Defendant hereby requests that the Court schedule an oral argument for this Motion.

## CERTIFICATE OF COMPLIANCE WITH LOCAL RULE 7.1(A)(2)

I hereby certify that, prior to making this motion, I conferred in good faith with Plaintiff's counsel as to whether the parties could resolve or narrow the issues absent the foregoing Motion.

        /s/ *Alexandra E. Shaw*
        Alexandra E. Shaw

## CERTIFICATE OF SERVICE

I hereby certify that the within document filed through the CM/ECF system will be sent electronically to the registered participants as identified on the Notice of Electronic Filing on March 24, 2021.

        /s/ *Alexandra E. Shaw*
        Alexandra E. Shaw

46493679.1