UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| LISA MENNINGER,<br><br>                    Plaintiff,<br><br>v.<br><br>PPD DEVELOPMENT, L.P.,<br><br>                    Defendant. | Civil Action No.  1:19-CV-11441-LTS |

**MEMORANDUM IN SUPPORT OF DEFENDANT PPD DEVELOPMENT, L.P.'S MOTION *IN LIMINE* TO EXCLUDE DOCUMENTS PRODUCED BY PLAINTIFF, FOR THE FIRST TIME, ON FEBRUARY 24, 2023**

By accompanying Motion, Defendant PPD Development, L.P. ("PPD") has moved *in limine* to exclude from the evidence admitted at trial documents that Plaintiff produced for the first time in this action on February 24, 2023—more than three years after PPD served the Requests to which those documents presumably are responsive, more than two years after the close of fact discovery, and less than one month before the trial of this matter is set to begin. Plaintiff has offered no excuse, valid or otherwise, for her failure to produce the documents in a timely fashion, or for her decision to hold off on producing them until the eve of trial. In addition to being untimely, the documents have no apparent relevance to any issue on which any of the witnesses identified by the parties can competently testify, and to the extent that any of them is relevant to any issue before the jury their probative value is far outweighed by the substantial

risk that they will confuse the jury. For all of these reasons, the documents that Plaintiff inexplicably produced on the eve of trial should be excluded.[1]

### Background

On June 28, 2019, Plaintiff initiated this action by filing her Complaint and Demand for Jury Trial. *See* ECF Doc. No. 1. In her Complaint, Plaintiff alleges that PPD violated the Americans with Disabilities Act (the "ADA") and Chapter 151B of the Massachusetts General Laws ("Chapter 151B") by failing to engage in an interactive process to identify reasonable accommodations of her disability, by discriminating against her on the basis of her disability, and by retaliating against her for reporting to PPD that she had a disability. *See* Complaint (ECF Doc. No. 1) at ¶¶ 16-71.

On October 16, 2019, Plaintiff served her Rule 26 Initial Disclosures, in which she identified three categories of documents that she anticipated using to support her claims, including "[d]ocuments concerning Plaintiff's damages." *See* Exh. A at 3. In its First Set of Requests for the Production of Documents, served on November 13, 2019, Defendant asked for (among other things) "[a]ll documents identified in [Plaintiff's] Initial Disclosures" (Request No. 2), and "[a]ll documents concerning each item of damage you seek to recover in this matter" (Request No. 10). *See* Exh. B. at 4-5. In her Responses to those Requests, served on February 26, 2020, Plaintiff stated that she would search for and produce all of the documents and ESI responsive to Request No. 2 (with the exception of any "Privileged Information"), and that she would produce all of the documents responsive to Request No. 10 "upon which she may rely at trial" (with the exception, again, of any "Privileged Information"). *See* Exh. C. at 2, 5-6.

---

[1] Because Plaintiff's last-minute document production is voluminous—approximately 1,415 pages—PPD has not filed the documents with this Motion. Depending on the Court's preference, PPD will provide the Court with a courtesy copy of the documents by messenger, file them via ECF, or bring copies to the Final Pretrial Conference.

The deadline for completing fact discovery, extended twice by the Court in response to motions filed by the parties, expired on October 15, 2020. *See* ECF Doc. Nos. 13, 20-21, & 23-25. Thereafter, the parties engaged in expert discovery, and PPD filed a Motion for Summary Judgment which the Court granted in part and denied in part. *See* ECF Doc. Nos 43, 81. On July 11, 2022—more than a year and a half after the close of fact discovery—the Court issued an Order setting the case for a trial beginning on March 20, 2023. *See* ECF Doc. No. 94.

Seven months passed. Then, on February 24, 2023—less than four weeks before the first day of trial, more than two years after the close of fact discovery, and more than three years after PPD served its document requests—Plaintiff produced approximately 1,415 pages of documents, all of which she also designated as Exhibits to be offered at trial. *See* Plaintiff's Exhibit Nos. 11-26, & 101. The eleventh-hour production consisted primarily of documents that Plaintiff apparently believes support her claim for damages—stock and equity incentive plan documents, communications with Plaintiff regarding an equity incentive plan, stock option agreement documents, joinder agreement documents, and stockholders agreement documents. *See* Plaintiff's Exhibit Nos. 19, 21, 23, & 101. Also included were various documents filed with the U.S. Securities & Exchange Commission (see Plaintiff's Exhibit Nos. 11-18, 20, 22), and LinkedIn Profiles of three individuals, none of whom has been identified or listed as a potential witness in this case (see Plaintiff's Exhibit Nos. 24-26). PPD has formally objected to all of these proposed Exhibits. Plaintiff, for her part, has offered no explanation for her failure to produce the documents during discovery—or, with respect to the few documents included in the production that appear to have been created after discovery closed, to produce them in a timely manner.

**Argument**

I.  **The documents that Plaintiff belatedly produced on February 24, 2023, must be excluded because she failed, without any justification, to produce them within or even close to the time required by the Federal Rules of Civil Procedure.**

Plaintiff's production of responsive documents after the close of discovery and on the eve of trial clearly violates the Rules of Civil Procedure. She did not produce the responsive documents within 30 days after service of PPD's Requests (or within "another reasonable time specified in [her] response" to the Requests), as required by Rule 34(b), and she did not supplement her response in a reasonably timely manner, as required by Rule 26(e). *See* Fed. R. Civ. P. 34(b)(2)(A)-(B); Fed. R. Civ. P. 26(e)(1); *see, e.g.*, *BRT Mgmt. LLC. v. Malden Storage, LLC*, Civil Action No. 17-10005-FDS, 2019 WL 3936862, at *2-3 (D. Mass. Aug. 20, 2019). The First Circuit has held that where a party has failed to comply with these requirements, "the required sanction in the ordinary case is mandatory preclusion." *Poulis-Minott v. Smith*, 388 F.3d 354, 358 (1st Cir. 2004); *see also Wilson v. Bradlees of New England, Inc.*, 250 F.3d 10, 20 (1st Cir. 2001) (holding that Rule 37(c)(1) "requires the near automatic exclusion of Rule 26 information that is not timely disclosed"). Under Rule 37, a party who fails to provide supplemental information as required by Rule 26(e) "'is not allowed to use that information . . . to supply evidence on a motion, at a hearing, or at trial, unless the failure was substantially justified or is harmless.'" *BRT Mgmt.*, 2019 WL 3936862, at *2 (quoting Fed. R. Civ. P. 37(c)(1)) (alterations in original); *see also Wilson*, 250 F.3d at 21 (holding that the party facing preclusion under Rule 37 must show that its failure to meet a discovery deadline was either justified or harmless). Thus, Plaintiff must be precluded from using the documents that she produced on February 24, 2023, unless she can demonstrate that her failure to produce them within the time that she was required to do so under the Rules was substantially justified or is harmless. *See BRT Mgmt.*, 2019 WL 3936862, at *3; *see also Wilson*, 250 F.3d at 21 (holding

that the party facing sanctions for belated disclosure has the burden of showing "that its failure to comply with the Rule was either justified or harmless and therefore deserving of some lesser sanction").

Plaintiff cannot show that her production of the documents long after the close of discovery and on the eve of trial is substantially justified. The bulk of the documents included in the production were either provided to her during her employment or shortly after it ended in 2019, or were in her possession or at least available to her before fact discovery closed on October 15, 2020. *See* Plaintiff's Exhibit No. 101; *see also* Plaintiff's Exhibit Nos. 11-12, 16, 19, 21. The others, dated in 2021 or 2022, could and should have been produced long before February 24, 2023. *See* Plaintiff's Exhibit Nos. 13-15, 18, 20, 22-26. There is no conceivable justification for Plaintiff's decision to wait until 24 days before trial to produce these documents. *See, e.g.*, *Galvin v. EMC Mortgage Corp.*, Civil No. 12-cv-320-JL, 2014 WL 4980905, at *7 n.3 (D.N.H. Oct. 3, 2014) (granting motion *in limine* to exclude document that was not produced "until the eve of trial," where the producing party had "provided no convincing justification for their lateness"); *System Dev. Integration, LLC v. Computer Sciences Corp.*, No. 09-CV-4008, 2012 WL 2953063, at *3 (N.D. Ill. July 19, 2012) (granting motion to exclude documents disclosed 90 days before trial where plaintiff had failed to provide detail regarding when it had learned of the documents); *Cannon Techs., Inc. v. Sensus Metering Sys.*, Civ. No. 08-6456 (RHK/LIB), 2011 WL 495284, at *1 (D. Minn. May 5, 2011) (granting motion *in limine* to exclude documents produced on the eve of trial that plaintiff claimed it had "only 'recently obtained from a non-party,'" because plaintiff "had offered no explanation why it could not have produced the[] documents earlier"). PPD requested documents concerning Plaintiff's damages and concerning her calculation of damages, which these documents apparently pertain to, in

November 2019. In February 2020, Plaintiff said that she would produce all such documents, including all documents concerning her damages calculation "upon which she may rely at trial." For Plaintiff to then wait until the eve of trial 3 years later to produce these documents, most of which she evidently had in her possession before she even filed this lawsuit, is inexplicable and inexcusable.

Nor can Plaintiff show that her untimely production of the documents is harmless. First, because Plaintiff has produced the documents after the close of discovery, PPD can only guess at what significance the documents may have for Plaintiff's case, and it has been deprived of any opportunity to find that out from Plaintiff via discovery. *See, e.g.*, *Klonoski v. Mahlab*, 156 F.3d 255, 271 (1998) (recognizing, in the context of ruling on admissibility of late-disclosed evidence, that enforcement of discovery rules and orders is necessary to avoid "[t]rial by ambush"), *superseded in unrelated part by rule amendment*, *In re Subpoena to Witzel*, 531 F.3d 113, 118 (1st Cir. 2008).[2]

Second, although Plaintiff's belated disclosure of the documents has made it impossible to be sure, it appears that at least some of the documents that Plaintiff produced on February 24 may relate to her calculation of a category of alleged damages relating to stock option and other equity-based incentive compensation plans. *See, e.g.*, Plaintiff's Exh. 101. Under Rule 26(a), however, Plaintiff was required to provide "a computation of each category of damages" that she claims in this case, and also to "make available for inspection and copying as under Rule 34 the documents or other evidentiary material . . . on which each computation is based." *See* Rule 26(a)(1)(A)(iii). Plaintiff's Initial Disclosures contained no mention of stock option or other equity-based incentive compensation, much less a "computation" of that element of her damages

---

[2] The guesswork was made even more difficult by the fact that Plaintiff produced the documents without making any effort to identify which of PPD's document requests they are responsive to, in violation of Rule 34(b)(2)(E).

as the Rule requires. *See* Exh. A at 4. Plaintiff never supplemented her Initial Disclosures to provide such a computation, and she never produced during discovery (or until the eve of trial) "the documents or other evidentiary material" on which her computation is based. Indeed, Plaintiff's expert on damages, Bruce R. Jonas, did not include in his report any computation of damages related to stock options or equity-based incentive compensation—and PPD therefore did not ask its rebuttal damages expert, William Scally, to analyze or address the issue. *See* Exhs. D & E. Thus, Plaintiff's belated production of these documents, in combination with her failure to provide a computation of the damages category to which they presumably relate either in her initial disclosures pursuant to Rule 26(a)(1), in a supplement to those disclosures under Rule 26(e), or even in an expert report under Rule 26(a)(2), has severely prejudiced PPD in its ability to respond to Plaintiff's damages claims at trial. *See, e.g.*, *Cannon Techs.*, 2011 WL 4952984, at *1 (holding that plaintiff's late disclosure of information relating to a category of damages was not harmless because "it has prevented [defendant] from undertaking discovery" relating to that category of damages and required defendant's damages expert "to amend her opinions (if possible) in the eleventh hour"); *see also Musselwhite v. Mid-Atlantic Restaurant Corp.*, No. 7.18-CV-89-BO, 2022 WL 2294050, at *2-3 (E.D.N.C. June 24, 2022) (granting motion *in limine* to exclude documents produced 10 months after the close of discovery where the late production "amounts to surprise" to plaintiffs, "suggests gamesmanship," and prevented plaintiffs from conducting "follow-up discovery on the documents").

## II.   The documents produced on February 24, 2023 are irrelevant

As noted above, Plaintiff's belated production of the documents at issue here has robbed PPD of any opportunity to explore through discovery what issues they might be relevant to. Many of the documents, including the SEC filings and LinkedIn profiles of three individuals who have not been identified as potential witnesses, have no apparent relevance to any issue that

the jury will be called upon to decide in this case, and they would therefore be subject to exclusion even if they were not already inadmissible under Rule 37(c). *See* Fed. R. Evid. 401.

As also noted above, it appears that Plaintiff may intend to offer some of the documents, including those contained in Plaintiff's proposed Exhibit 101, as relevant to a previously-undisclosed category of alleged damages: stock option and other equity-based incentive compensation. Even if the documents were not inadmissible due to their inexplicable eleventh-hour production and to the fact that Plaintiff never provided any computation of that category of alleged damages as required by Rule 26(a), they would still be inadmissible under Rule 403 of the Federal Rules of Evidence because they will undoubtedly confuse the jury. The calculation of incentive-based compensation provided in the form of stock options and restricted stock units under the terms and conditions of an employer's incentive compensation plan is a highly technical and complex endeavor that requires a level of expertise, financial sophistication, and familiarity with the lengthy and complex plan documents that a lay witness is highly unlikely to possess.[3] Here, as noted above, Plaintiff's expert on damages (Mr. Jonas) did not include any such calculation in his Report, and he is therefore precluded from offering testimony on the subject. *See* Exh. D; *see also Santos-Rodriguez v. Seasstar Solutions*, 858 F.3d 695, 698 n.3 (1st Cir. 2017); *Arrieta v. Hospital Del Maestro*, Civil No. 15-3114 (MEL) 2018 WL 3425295, at *2 (D.P.R. July 13, 2018). None of Plaintiff's other witnesses has the knowledge, expertise, or experience that would be required to explain to the jury how the incentive compensation plans at issue work, much less to calculate and testify with any degree of certainty as to what incentive-based compensation Plaintiff would have received were it not for PPD's alleged discrimination

---

[3] For example, one of the documents that Plaintiff produced on February 24 and proposes to introduce as an exhibit at trial, presumably on this issue, is a 111-page single spaced "Stockholders Agreement Among Eagle Holding Company I and The Stockholders as Defined Herein" that contains approximately 93 separate "Sections." *See* Plaintiff's Proposed Exhibit 101 at MENNINGER_SUPP000501—MENNINGER_SUPP000612.

and retaliation. Accordingly, admitting the eve-of-trial disclosures into evidence and then allowing Plaintiff or one of her lay witnesses to testify about how they somehow support her claim for recovery of some undisclosed amount of damages will inevitably confuse the jury and fundamentally distract from the issues to be tried. Thus, even if Rule 37 did not already require that Plaintiff's production of the documents years after the close of discovery and on the eve of trial mandates their exclusion from the evidence at trial, they should also be excluded under Rules 401 and 403.

## Conclusion

For all of the foregoing reasons, PPD respectfully requests that the Court issue an order granting this Motion, and excluding from the evidence to be admitted a trial the documents that Plaintiff produced for the first time on February 24, 2023.

        PPD DEVELOPMENT, L.P.

        By its attorneys,

        */s/ Patrick M. Curran, Jr.*
        Rachel Reingold Mandel (BBO #660495)
        Patrick M. Curran, Jr. (BBO #659322)
        OGLETREE, DEAKINS, NASH, SMOAK & STEWART, P.C.
        One Boston Place, Suite 3500
        Boston, MA 02108
        Telephone: (617) 994-5700
        Facsimile:  (617) 994-5701
        rachel.mandel@ogletree.com
        patrick.curran@ogletree.com

Dated: March 10, 2023

## **CERTIFICATE OF SERVICE**

      I hereby certify that on March 10, 2023 the within document filed through the CM/ECF system will be sent electronically to the registered participants as identified on the Notice of Electronic Filing.

                                      */s/ Patrick M. Curran, Jr.*
                                      Patrick M. Curran, Jr.

23370737.1