UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| LISA MENNINGER,<br><br>        Plaintiff,<br><br>v.<br><br>PPD DEVELOPMENT, L.P.,<br><br>        Defendant. | Civil Action No. 1:19-CV-11441-LTS |

**MEMORANDUM IN SUPPORT OF DEFENDANT PPD DEVELOPMENT, L.P.'S MOTION *IN LIMINE* TO BAR ARGUMENT OR STATEMENTS TO THE JURY THAT IT MAY DRAW INFERENCES ADVERSE TO DEFENDANT BASED ON THE ABSENCE OF HACENE MEKERRI**

By accompanying Motion, Defendant PPD Development, L.P. ("PPD") has moved *in limine* to preclude statements or argument that the jury may draw inferences adverse to PPD based on the absence Hacene Mekerri from the trial. Mr. Mekerri is not employed by PPD—indeed, he resigned from his job at PPD in February 2019—and he currently resides (to the best of PPD's knowledge, information, and belief) in Singapore. Accordingly, PPD has no ability to compel Mr. Mekerri's attendance at trial, and although PPD has attempted to secure his voluntary appearance, its efforts have been unavailing. Accordingly, any argument or statement to the jury that it may draw an adverse inference against PPD with respect to Mr. Mekerri's absence, including inferences concerning the substance of his testimony if he had appeared, would be unwarranted, unfair, and unduly prejudicial to PPD.

**Background**

On June 28, 2019, Plaintiff initiated this action by filing her Complaint and Demand for Jury Trial. *See* ECF Doc. No. 1. In her Complaint, Plaintiff alleges that PPD violated the

Americans with Disabilities Act (the "ADA") and Chapter 151B of the Massachusetts General Laws ("Chapter 151B") by failing to engage in an interactive process to identify reasonable accommodations of her disability, by discriminating against her on the basis of her disability, and by retaliating against her for reporting to PPD that she had a disability. *See* Complaint (ECF Doc. No. 1) at ¶¶ 16-71.

Hacene Mekerri was Plaintiff's supervisor when the events underlying her claims took place in 2017 and 2018. Mr. Mekerri resigned from his position with PPD in February 2019, more than four years ago. *See* Affidavit of Rachel Reingold Mandel ("Mandel Aff."), Tab 1 at 24:13-18.[1] To the best of counsel's knowledge, information, and belief, Mr. Mekerri resides in Singapore. *See id.* at ¶¶ 2-3; *see also id.*, Tab 1 at 4:13 – 8:5. Over the past several months, counsel has attempted to contact Mr. Mekerri numerous times in order to secure his presence and testimony as a witness at the trial of this matter. *See id.* at ¶ 4. Mr. Mekerri has not responded to counsel's efforts to contact him. *See id.* at ¶ 5.

## Argument

Mr. Mekerri is not employed by PPD, and he cannot be compelled by subpoena to appear for trial in this Court. *See* Fed. R. Civ. P. 45(c)(1). There is no evidence that PPD procured Mr. Mekerri's absence, and the evidence on the contrary is that PPD has attempted to procure his voluntary attendance at the trial, to no avail. *See* Mandel Aff. at ¶¶ 4-5. Accordingly, any argument or statements inviting the jury to draw an adverse inference against PPD based on the fact that Mr. Mekerri has not appeared at the trial would be inappropriate, unfair, and unduly prejudicial. *See, e.g., Egenera, Inc. v. Cisco Sys., Inc.*, Civil Action No. 16-11613-RGS, 2022 WL 17722546, at *2 (D. Mass. Dec. 15, 2022) (observing that the court had granted motion *in*

---

[1] Ms. Mandel's Affidavit is attached at Exhibit A.

*limine* to preclude argument or reference to the absence of witnesses at trial); *see also Dinsay v. RN Staff Inc.*, Case No. 1:19-cv-00907-TWP-DML, 2021 WL 2643639, at *5 (S.D. Ind. June 28, 2021) (excluding references to the probable testimony of an unavailable witness as clearly unfairly prejudicial); *Leger v. Spiller*, Case No. 3:15-CV-0080-SMY-RJD, 2017 WL 5194871, at *2 (S.D. Ill. Nov. 9, 2017) (granting motion *in limine* to bar argument inviting jury to draw adverse inference from the absence of witness testimony); *Gomez v. Tyson Foods, Inc.*, No. 8:08CV21, 2013 WL 991494, at *3 (D. Neb. 2013) (excluding reference, speculation, or argument about the substance of testimony of witness who was unavailable). The Court should therefore bar any such statements or argument to the jury.

## Conclusion

For all of the foregoing reasons, PPD respectfully requests that the Court issue an order granting this Motion, and barring any argument or statement to the jury that it may draw an adverse inference against PPD from Mr. Mekerri's absence, including inferences concerning the substance of his testimony if he had appeared.

                PPD DEVELOPMENT, L.P.

                By its attorneys,

                */s/ Patrick M. Curran, Jr.*
                Rachel Reingold Mandel (BBO #660495)
                Patrick M. Curran, Jr. (BBO #659322)
                OGLETREE, DEAKINS, NASH, SMOAK & STEWART, P.C.
                One Boston Place, Suite 3500
                Boston, MA 02108
                Telephone: (617) 994-5700
                Facsimile:  (617) 994-5701
                rachel.mandel@ogletree.com
                patrick.curran@ogletree.com

Dated: March 10, 2023

## **CERTIFICATE OF SERVICE**

I hereby certify that on March 10, 2023 the within document filed through the CM/ECF system will be sent electronically to the registered participants as identified on the Notice of Electronic Filing.

                                              */s/ Patrick M. Curran, Jr.*
                                              Patrick M. Curran, Jr.

23370737.1