UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| LISA MENNINGER,<br><br>               Plaintiff,<br><br>v.<br><br>PPD DEVELOPMENT, L.P.,<br><br>               Defendant. | Civil Action No. 1:19-CV-11441-LTS |

**MEMORANDUM IN SUPPORT OF DEFENDANT PPD DEVELOPMENT, L.P.'S MOTION *IN LIMINE* TO EXCLUDE TESTIMONY CONCERNING AN ALLEGED RELATIONSHIP BETWEEN PLAINTIFF'S SUPERVISOR AND ANOTHER EMPLOYEE**

By accompanying Motion, Defendant PPD Development, L.P. ("PPD") has moved *in limine* to exclude from the evidence admitted at trial any testimony concerning the existence of an alleged relationship between Plaintiff Lisa Menninger's supervisor, Hacene Mekerri, and a PPD employee who reported to Mr. Mekerri named Esther Ee. The existence of such a relationship has no relevance whatsoever to any of the issues that the jury will be called upon to decide in this case, and the potential for prejudice far outweighs whatever probative value evidence of the relationship could possibly have. Accordingly, testimony concerning the existence of such a relationship should be excluded.

**Background**

In this action, Plaintiff asserts claims against PPD for disability discrimination (failure to accommodate and disparate treatment) and retaliation in violation of the Americans with Disabilities Act (the "ADA") and Chapter 151B of the Massachusetts General Laws. In particular, Plaintiff alleges that her supervisor, Hacene Mekerri, was one of three PPD employees

whose actions constituted disability discrimination and retaliation. *See* Complaint and Demand for Jury Trial (ECF Doc. No. 1). She does not assert any claims against PPD or Mr. Mekerri for sex discrimination or sexual harassment of any kind, and she has not alleged any sex-based harassment or misconduct of any kind against Mr. Mekerri or any other PPD employee. *See id.*

In the course of discovery, it emerged that for part of the time that Mr. Mekerri was Plaintiff's supervisor at PPD, he also supervised an employee named Esther Ee, who was Senior Director of the Asia Pacific region. It also emerged that, at some point, the two of them may have entered into a relationship.

## Argument

Mr. Mekerri's alleged relationship with Ms. Ee has no possible bearing on any issue in this case. It has no probative value whatsoever on the questions whether Mr. Mekerri alleged conduct toward Plaintiff was motivated by disability discrimination, or by the desire to retaliate against Plaintiff for reporting that she had a disability or for seeking accommodations of her disability. Even if Plaintiff were alleging that Mr. Mekerri had subjected her to unwanted sexual advances or engaged in some other inappropriate sex-based conduct in the workplace, such that evidence of the relationship might conceivably be relevant—and to be clear, Plaintiff has not alleged that Mr. Mekerri did anything of the kind—testimony concerning it would be inadmissible character evidence. *See* Fed. R. Evid. 404(b); *see, e.g.*, *Fecho v. Eli Lilly & Co.*, 914 F. Supp. 2d 130, 137-38 (D. Mass. 2012).

Even if testimony concerning the relationship had some amount of probative value on an issue that the jury must decide in the case—and it is frankly difficult to conceive what that issue might be—it should nevertheless by excluded because it would be unduly prejudicial and highly likely to confuse the jury. *See* Fed. R. Evid. 403; *see also Bateman v. Therapeutic Innovations, Inc.*, Civil Action No. 7:05-cv-40060, 2007 WL 460828, at *1-2 (W.D. Va. Feb. 8, 2007)

(holding that evidence of other consensual sexual relationships had little probative value with respect to plaintiff's hostile work environment claim, and that value was outweighed by the substantial danger of unfair prejudice); *Bartniak v. Cushman & Wakefield, Inc.*, 223 F. Supp. 2d 524, 533 (S.D.N.Y. Sept. 25, 2002) (holding that evidence offered to show employer's awareness of sexual conduct in the workplace, even if relevant to plaintiff's hostile work environment claim, would have unnecessarily inflamed the jury and were therefore inadmissible under Rule 403). In particular, evidence concerning the alleged relationship could adversely and unfairly affect the jury's view of Mr. Mekerri, and could also confuse the jury about the nature of the claims at issue in this case.

## Conclusion

For all of the foregoing reasons, PPD respectfully requests that the Court issue an order granting this Motion, and excluding from the evidence to be admitted at trial testimony concerning the existence of a romantic relationship between Plaintiff's supervisor and another employee.

<div style="margin-left: 50%;">

PPD DEVELOPMENT, L.P.

By its attorneys,

*/s/ Patrick M. Curran, Jr.*
Rachel Reingold Mandel (BBO #660495)
Patrick M. Curran, Jr. (BBO #659322)
OGLETREE, DEAKINS, NASH, SMOAK & STEWART, P.C.
One Boston Place, Suite 3500
Boston, MA 02108
Telephone: (617) 994-5700
Facsimile:  (617) 994-5701
rachel.mandel@ogletree.com
patrick.curran@ogletree.com

</div>

Dated: March 10, 2023

## CERTIFICATE OF SERVICE

      I hereby certify that on March 10, 2023 the within document filed through the CM/ECF system will be sent electronically to the registered participants as identified on the Notice of Electronic Filing.

                                   */s/ Patrick M. Curran, Jr.*
                                   Patrick M. Curran, Jr.

23370737.1