UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

|  |  |
|---|---|
| LISA MENNINGER,<br><br>            Plaintiff,<br><br>v.<br><br>PPD DEVELOPMENT, L.P.,<br><br>            Defendant. | Civil Action No.  1:19-CV-11441-LTS |

**DEFENDANT PPD DEVELOPMENT, L.P.'S**
**TRIAL BRIEF**

Pursuant to D. Mass. Local Rule 16.5(f) and the Court's Order Setting Case For Trial (ECF Doc. No. 94), Defendant PPD Development, L.P. respectfully submits this Trial Brief.

A. **Motions in Limine**

1. Motion In Limine To Exclude Evidence of Potential Disability Accommodations That Plaintiff Did Not Request During Her Employment (ECF Doc. No. 99)

2. Motion In Limine To Exclude Evidence of the Compensation Paid To Any Employee Of Defendant Other Than Plaintiff (ECF Doc. No. 101)

3. Motion In Limine To Exclude Documents Produced By Plaintiff, For The First Time, On February 24, 2023 (ECF Doc. No. 103)

4. Motion In Limine To Bar Argument Or Statements To The Jury That It May Draw Inferences Adverse To Defendant Based On The Absence Of Hacene Mekerri (ECF Doc. No. 105)

5. Motion In Limine To Exclude Evidence Of Stray Remarks By Any Person Who Was Not A Decision-Maker With Respect To Defendant's Challenged Employment Decisions (ECF Doc. No. 107)

6. Motion In Limine To Exclude Evidence Supporting Claims That The Court Dismissed on Defendant's Motion For Summary Judgment (ECF Doc. No. 109)

7. Motion in Limine To Exclude Testimony Concerning The Existence Of An Alleged Relationship Between Plaintiff's Supervisor And Another Employee (ECF Doc. No. 111)

**B.   Proposed Statement for Venire**

The plaintiff in this case, Lisa Menninger, is a former employee of the defendant, PPD Development, L.P. PPD hired Dr. Menninger in August 2015 to work as the Executive Director of its Global Central Labs, based in Kentucky. In January 2018, Dr. Menninger informed PPD that she suffered from generalized anxiety disorder that includes social anxiety disorder and panic attacks, and she requested that PPD accommodate that condition by excusing her from performing certain aspects of her job as Executive Director. She alleges that thereafter, PPD failed to provide her with reasonable accommodations of her medical condition, discriminated against her on the basis of it, and retaliated against her for requesting accommodations for the condition. She also alleges that, as a result, she suffered lost wages and emotional distress, and she seeks to recover for that harm. PPD denies Dr. Menniger's allegations.

**C.   List of Potential Witnesses**

1. Deborah Ballweg (fact witness), of Hollandale, Wisconsin
2. Christopher Fikry (fact witness), of Wilmington, North Carolina
3. Christopher Clendening (fact witness), of Cleeves, Ohio
4. Brent McKinnon (fact witness), of Pittsburg, Texas
5. Chad St. John (fact witness), of Liberty Township, Ohio
6. Hacene Mekerri (fact witness, by deposition), of Singapore
7. Tonya Hart (fact witness), of Bend, Oregon
8. Mason Menninger (fact witness, by deposition), of Bend, Oregon
9. Dr. Marianna Kessimian (fact witness), of Providence, Rhode Island
10. Dr. Martin Kelly (expert witness), of Westport Point, Massachusetts

11. William B. Scally (expert witness), of Newburyport, Massachusetts

Defendant reserves the right to call additional rebuttal witnesses depending on the evidence presented in Plaintiff's case-in-chief.

**D.     Defendant's Proposed Voir Dire Questions**

1. If you have ever served on a jury, was there anything about that experience that you found difficult or negative in any way?

2. Do you, or does someone close to you, suffer from or have any experience with generalized anxiety disorder, social anxiety disorder, panic attacks, depression, or other mental health issues? Would those issues make it difficult or emotional for you to sit on a jury in a case involving those issues?

3. Have you ever made a request for a disability accommodation in the workplace?
   - If so, were you satisfied with how your employer handled the request?

4. Have you ever made a request for medical leave to an employer?
   - If so, were you satisfied with how your employer handled the request?

5. Have you or any member of your immediate family ever been employed with the defendant, PPD Development LP?

6. Have you or any member of your immediate family ever been employed by Thermo Fisher Scientific?

7. Have you or any member of your immediate family ever been involved in a lawsuit or other dispute with PPD Development LP, or with Thermo Fisher Scientific?

8. Have you, or has anyone close to you, ever felt discriminated or retaliated against in the workplace?
   - If so, did you or they do anything to attempt to resolve the issue? And if so, were you or they satisfied with the result?

9. Have you, or has someone close to you, ever felt that you or they were treated unfairly at work?
   - If so, did you or they do anything to attempt to resolve the issue? And if so, were you or they satisfied with the result?

10. Have you ever felt that a supervisor or co-worker treated you or a member of your immediate family differently because of your or their medical condition?

- If so, did you or they do anything to attempt to resolve the issue? And if so, were you or they satisfied with the result?

11. Have you, or has someone close to you, ever made a complaint to an employer about a co-worker or supervisor?

    - If so, were you or they satisfied with how the employer handled the complaint?

12. Have you ever filed a charge of discrimination with the Massachusetts Commission against Discrimination (MCAD), Equal Employment Opportunity Commission (EEOC), or any other federal or state agency concerning discrimination or retaliation?

    - If so, what was the nature of your complaint, and what was the result?

13. Are you aware of any discrimination or retaliation complaints submitted by other people at any place where you have worked? If so,

    - what was the nature of the complaint?
    - were you satisfied with how your employer handled the complaint?

14. Do you believe that just because we are here in court about to start a trial in this case, there must be something to the claims that Plaintiff is making?

15. Given the nature of the case as the Court has described it, do you feel that it would be difficult for you to be fair and impartial in this case?

Defendant reserves the right to request follow-up questions as the answers given by the potential jurors may require.

### E. Defendant's Proposed Jury Instructions

Defendant has attached its proposed jury instructions at <u>Exhibit A</u>.

### F. Defendant's Proposed Verdict Form

Defendant has attached its proposed verdict forms at <u>Exhibit B</u>.

Respectfully submitted

PPD DEVELOPMENT, L.P.

By its attorneys,

<u>/s/ Patrick M. Curran, Jr.</u>
Rachel Reingold Mandel (BBO #660495)
Patrick M. Curran, Jr. (BBO #659322)
OGLETREE, DEAKINS, NASH, SMOAK & STEWART, P.C.
One Boston Place, Suite 3500
Boston, MA 02108
Telephone: (617) 994-5700
Facsimile:  (617) 994-5701
rachel.mandel@ogletree.com
patrick.curran@ogletree.com

Dated: March 10, 2023

## **CERTIFICATE OF SERVICE**

      I hereby certify that on March 10, 2023 the within document filed through the CM/ECF system will be sent electronically to the registered participants as identified on the Notice of Electronic Filing.

                                        */s/ Patrick M. Curran, Jr.*
                                        Patrick M. Curran, Jr.

23370737.1