# EXHIBIT A

## UNITED STATES DISTRICT COURT
## DISTRICT OF MASSACHUSETTS

LISA MENNINGER,

                Plaintiff,

v.

                                  Civil Action No.  1:19-CV-11441-LTS

PPD DEVELOPMENT, L.P.,

                Defendant.

## DEFENDANT PPD DEVELOPMENT, L.P.'S
## PROPOSED JURY INSTRUCTIONS

Pursuant to Federal Rule of Civil Procedure 51, Defendant PPD Development, L.P. respectfully requests that as part of its charge to the jury empaneled in this action, this Court issue the attached proposed instructions. Defendant respectfully reserves the right to seek leave to supplement or amend these instructions as necessary during and at the conclusion of trial.

PPD DEVELOPMENT, L.P.

By its attorneys,

*/s/ Patrick M. Curran, Jr.*
Rachel Reingold Mandel (BBO #660495)
Patrick M. Curran, Jr. (BBO #659322)
OGLETREE, DEAKINS, NASH, SMOAK &
STEWART, P.C.
One Boston Place, Suite 3500
Boston, MA 02108
Telephone: (617) 994-5700
Facsimile:  (617) 994-5701
rachel.mandel@ogletree.com
patrick.curran@ogletree.com

Dated: March 10, 2023

## PRELIMINARY STATEMENT

Because the Proposed Jury Instructions and Issues are being submitted to the Court before all of the evidence has been submitted at trial, Defendant reserves the right to amend, withdraw, or add to them as may be necessary due to the matters that develop during the course of trial. Defendant requests the Court to advise the undersigned counsel prior to jury submission whether the Proposed Jury Instructions will be refused or modified by the Court, either in whole or in part.

## DEFENDANT'S PROPOSED INSTRUCTION NO. 1

### Prejudice, Sympathy, and Speculation

Your function as the jury is to determine the facts of this case. You are the sole and exclusive judges of the facts. You alone determine what evidence to accept, how important any evidence is that you do accept, and what conclusions to draw from all the evidence. You must apply the law as I give it to you to the facts as you determine them to be, in order to decide whether or not Ms. Menninger has proven her case.

You should determine the facts based solely on a fair consideration of the evidence presented at trial. You are to be completely fair and impartial, and you are not to be swayed by prejudice or by sympathy, by personal likes or dislikes, toward either side. Once you let prejudice or sympathy, or fear or bias, interfere with your thinking, there is a risk that you will not arrive at a true and just verdict.

Furthermore, in many cases there is an element of sympathy which surrounds a trial. People involved in the case may be deserving of sympathy, but not in a courtroom and not by a jury, because sympathy is grounded in emotion, and a jury must consider only facts. Neither the courtroom nor the jury room is a place for sympathy. You must decide this case on the basis of the facts as you find them. You must disregard sympathy and emotion, and you must focus on the facts alone.

In addition, you are not to engage in any guesswork about any unanswered questions that remain in your mind, or to speculate about what the "real" facts might or might not have been. Indeed, to the extent that any of the witnesses have offered speculation or surmise about what the facts might or might not have been, you should disregard such testimony—it is not evidence at all but merely the same type of guesswork that you, as jurors, must avoid.

In short, you must focus on the facts and the facts alone and consider them in a calm, dispassionate, and analytical manner.

Finally, you must not speculate or guess as to my feelings, either positive or negative, about either the evidence in this case or the parties. My rulings in this case on evidence and other matters at this trial have been intended to be in compliance with court rules and procedures, and should not play any role in your decision making process. Quite simply, it is your, and only your, role as a jury to decide this case.

<u>Authority</u>

*See* Joseph D. Lipschitz, et al., Massachusetts Super. Ct. Civil Practice Jury Instructions (3rd ed. 2014) (2018 Supp.) ("Mass. Jury Instructions"), §§ 1.2.2(a)-(b) & 1.2.6; Leonard B. Sand, et al., 4 Modern Fed. Jury Instr.-Civil, ¶ 71.01 (Instr. 71-3, 71-5, 71-10); *see also Commonwealth v. Smith*, 387 Mass. 900, 909-10 (1983); *Commonwealth v. Fitzgerald*, 376 Mass. 402, 424 (1978).

Accepted:_____

Refused:_____

Modified:_____

## DEFENDANT'S PROPOSED INSTRUCTION NO. 2

### All Persons Equal Before the Law – Organizations

You should consider and decide this case as a dispute between persons of equal standing in the community, of equal worth, and holding the same or similar stations. The defendant is a type of corporate entity known as a "limited partnership." A limited partnership is entitled to the same fair trial as a private individual. All persons, including limited partnerships, stand equal before the law, and are to be treated as equals.

<u>Authority</u>

*See* Kevin F. O'Malley, et al., 3 Federal Jury Prac. & Instr. § 103:12 (6th ed. 2006) (2023 Supp.); *see also* 4 Modern Fed. Jury Instr.-Civil, ¶72.01 (Instr. 72-1).

Accepted:_____

Refused:_____

Modified:_____

## DEFENDANT'S PROPOSED INSTRUCTION NO. 3

### Evidence

Unless you are otherwise instructed, the evidence in the case consists of the sworn testimony of the witnesses regardless of who called the witness, all exhibits received in evidence regardless of who may have produced them, all facts and events that may have been admitted or stipulated to, and any judicially noticed facts.

Statements, questions, and arguments by the lawyers are not evidence. The lawyers are not witnesses. What they have said in their opening statement, closing arguments, and at other times is intended to help you understand the evidence, but it is not evidence. However, when the lawyers on both sides stipulate or agree on the existence of a fact, unless you are otherwise instructed, you must accept the stipulation and regard that fact as proved.

Any evidence to which I have sustained an objection, and any evidence that I have ordered stricken, must be entirely disregarded by you in rendering your verdict.

To constitute evidence which may be considered by you, exhibits must be received in evidence. Exhibits marked for identification but not admitted are not evidence, nor are materials brought forth only to refresh a witness's recollection.

It is for you alone to decide the weight, if any, to be given to the testimony you have heard and the exhibits you have seen.

### Authority

*See* Kevin F. O'Malley, et al., 3 Federal Jury Prac. & Instr. § 103:30 (6th ed. 2006) (2023 Supp.); Leonard B. Sand, et al., 4 Modern Fed. Jury Instr.-Civil, ¶ 74.01 (Instr. 74-1); *see also* Mass. Jury Instructions, § 1.2.3.

Accepted:_____

Refused:_____

Modified:_____

## DEFENDANT'S PROPOSED INSTRUCTION NO. 4

### Direct and Circumstantial Evidence

Generally speaking, there are two types of evidence presented during a trial—direct evidence and circumstantial evidence. "Direct" evidence is the testimony of a person who asserts or claims to have actual knowledge of a fact, such as an eyewitness. "Indirect or circumstantial" evidence is proof of a chain of facts and circumstances indicating the existence or nonexistence of a fact.

The law generally makes no distinction between the weight or value to be given to either direct or circumstantial evidence. A greater degree of certainty is no required of circumstantial evidence, and one type of evidence is not necessarily "better" than another. You are required to find the facts in accordance with the preponderance of all the evidence in the case, both direct and circumstantial.

### Authority

*See* Kevin F. O'Malley, et al., 3 Federal Jury Prac. & Instr. § 104:05 (6th ed. 2006) (2023 Supp.); Mass. Jury Instructions, § 1.2.4.; *see Commonwealth v. Corriveau*, 396 Mass. 319, 339 (1985).

Accepted:_____

Refused:_____

Modified:_____

## Defendant's Proposed Instruction No. 5

### Inferences

An inference is not a suspicion or a guess. Rather, an inference is a deduction or conclusion that reason and common sense lead you to draw from facts established by the evidence in the case. There are times when different inferences may be drawn from facts, whether proved by direct or circumstantial evidence. The plaintiff asks you to draw one set of inferences, while the defense asks you to draw another. It is for you, and you alone, to decide what inferences you will draw, if any.

So, while you are considering the evidence presented to you, you are permitted, but not required, to draw from the facts which you find to be proven such reasonable inferences as would be justified in light of your experience.

<u>Authority</u>

*See* Leonard B. Sand, et al., 4 Modern Fed. Jury Instr.-Civil, ¶ 75.01 (Instr. 75-1); Kevin F. O'Malley, et al., 3 Federal Jury Prac. & Instr. § 104:20 (6th ed. 2006) (2023 Supp.); *see also* Mass. Jury Instructions, § 1.2.4.

Accepted:_____

Refused:_____

Modified:_____

<u>**Defendant's Proposed Instruction No. 6**</u>

**Credibility of Witnesses**

You have had the opportunity to observe all of the witnesses. It is now your job to decide how believable each witness was in his or her testimony. You are the sole judges of the credibility of each witness and of the importance of his or her testimony.

It must be clear to you by now that you are being called on to resolve various factual issues raised by the parties in the face of very different pictures painted by both sides. (If applicable: It must also be obvious to you that both sides cannot be true and this is where you play your role as jurors.) In making these judgments, you should carefully scrutinize all of the testimony of each witness, the circumstances under which each witness testified, and any other matter in evidence that may help you decide the truth and the importance of each witness's testimony.

How do you determine where the truth lies? You watched each witness testify. Everything a witness said or did on the witness stand counts in your determination. How did the witness impress you? Did he or she appear to be frank, forthright, and candid, or evasive and edgy as if hiding something? How did the witness appear; what was his or her demeanor—that is, his or her carriage, behavior, bearing, manner, and appearance while testifying? Often it is not what a person says but how he or she says it that moves us.

You should use all the tests for truthfulness that you would use in determining matters of importance to you in your everyday life. You should consider any bias or hostility the witness may have shown for or against any party as well as any interest the witness has in the outcome of the case. You should consider the opportunity the witness had to see, hear, and know the things about which he or she testified, the accuracy of the witness's memory, the witness's candor or lack of candor, the witness's intelligence, the reasonableness and probability of the witness's testimony

and its consistency or lack of consistency and its corroboration or lack of corroboration with other credible testimony.

In other words, what you must try to do in deciding credibility is to size a witness up in light of his or her demeanor, the explanations given, and all of the other evidence in the case. Always remember that you should use your common sense, your good judgment, and your own life experience.

<u>Authority</u>

*See* Leonard B. Sand, et al., 4 Modern Fed. Jury Instr.-Civil, ¶ 76.01 (Instr. 76-1); *Sartor v. Arkansas Natural Gas Corp.*, 321 U.S. 620, 628 (1944); *see also* Mass. Jury Instructions, § 1.2.5.

Accepted:_____

Refused:_____

Modified:_____

## DEFENDANT'S PROPOSED INSTRUCTION NO. 7

### Burden of Proof

In a civil action like this one, the party seeking damages from the other – here, the plaintiff, Dr. Lisa Menninger—has the burden of proving every essential element of each one of her claims by a preponderance of the evidence. If Plaintiff should fail to establish any essential element of one of her claims by a preponderance of the evidence, you should find for Defendant as to that claim.

"Establish by a preponderance of the evidence" means evidence, which as a whole, shows that the fact sought to be proved is more probable than not. In other words, a preponderance of the evidence means such evidence as, when considered and compared with the evidence opposed to it, has more convincing force, and produces in your minds belief that what is sought to be proved is more likely true than not true. This standard does not require proof to an absolute certainty, since proof to an absolute certainty is seldom possible in any case.

In determining whether any fact in issue has been proved by a preponderance of the evidence, unless otherwise instructed you may consider the testimony of all witnesses, regardless of who may have called them, and all exhibits received in evidence, regardless of who may have produced them.

The mere existence of an inference against the Defendant does not relieve the Plaintiff of the burden of establishing her case by a preponderance of the evidence. If the Plaintiff is to obtain a verdict, you must still believe from the credible evidence that she has sustained the burden cast upon her. If she has failed, then your verdict must be for the Defendant. If you should find that all of the evidence is evenly balanced, then the Plaintiff has failed to sustain the burden of proof and your verdict should be for the Defendant.

If and only if you determine, after carefully weighing all the evidence, that the facts favor the Plaintiff by the standard I have articulated, then she has met the burden of proof.

<u>Authority</u>

*See* Kevin F. O'Malley, et al., 3 Federal Jury Prac. & Instr. § 104:01 (6th ed. 2006) (2023 Supp.); Leonard B. Sand, et al., 4 Modern Fed. Jury Instr.-Civil, ¶ 75.01 (Instr. 75-2); *see also* Mass. Jury Instructions, § 1.2.7

Accepted:_____

Refused:_____

Modified:_____

.

## DEFENDANT'S PROPOSED INSTRUCTION NO. 8

### Expert Witnesses

The rules of evidence ordinarily do not permit witnesses to testify as to opinions or conclusions. There is an exception to this rule for "expert witnesses." An expert witness is a person who by education and experience has become expert in some art, science, profession, or calling. Expert witnesses give state their opinions as to matters in which they profess to be expert, and may also state their reasons for their opinions.

You should consider each expert opinion received in evidence in this case, and give it such weight as you think it deserves. If you should decide the opinion of an expert witness is not based upon sufficient education and experience, or if you should conclude the reasons given in support of the opinion are not sound, or if you feel the expert's is outweighed by other evidence, you may disregard the opinion entirely.

### Authority

*See* Kevin F. O'Malley, et al., 3 Federal Jury Prac. & Instr. § 104:40 (6th ed. 2006) (2023 Supp.).

Accepted:_____

Refused:_____

Modified:_____

## <u>DEFENDANT'S PROPOSED INSTRUCTION NO. 9</u>

### Uncalled Witness Not Equally Available

You have heard evidence about a witness, Mason Menninger, who was not called to testify. Counsel for Defendant has argued that this witness could have given material testimony in this case, and that the Plaintiff was in the best position to produce this witness.

If you find that this witness could have been called as a witness by the Plaintiff, and that Plaintiff was in the best position to produce this witness, and that this witness would have given important new testimony, then you are permitted, but not required, to infer that the testimony of this witness would have been unfavorable to the Plaintiff.

In deciding whether to draw this inference, you should consider whether this witness's testimony would merely have repeated other testimony and evidence already before you. You may also consider whether the Plaintiff had a reason for not calling this witness that was explained to your satisfaction.

Any inference you decide to draw should be based on all of the facts and circumstances in this case.

<u>Authority</u>

*See* Leonard B. Sand, et al., 4 Modern Fed. Jury Instr.-Civil, ¶ 75.01 (Instr. 75-3); *see also Jones v. Otis Elevator*, 86 F.2d 655, 658-60 (11th Cir. 1988); *United States v. Ouimette*, 798 F.2d 47, 49-50 (2d Cir. 1986).

Accepted:_____

Refused:_____

Modified:_____

## **DEFENDANT'S PROPOSED INSTRUCTION NO. 10**

### **Disability Discrimination – Disparate Treatment**

Plaintiff accuses Defendant of disability discrimination. Specifically, she claims that Defendant took adverse employment action against her because of disability discrimination. To succeed on this claim, Plaintiff must prove by a preponderance of the evidence all of the following:

First, Plaintiff had a physical or mental impairment that substantially limited Plaintiff's ability to work. A person is "substantially limited" in her ability to work if she is restricted in the ability work.

Second, Plaintiff was a qualified individual with a disability—which means that she possessed the necessary skill, experience, education, and other job-related requirements for the position of Executive Director for Defendant's Global Central Labs, and could have performed the essential functions of the Executive Director position at the time that Defendant took adverse employment action against her, if Defendant had made reasonable accommodations for Plaintiff's disability.

Third, Defendant knew that Plaintiff had an alleged anxiety disorder at the time that it took such alleged adverse employment action against her.

Fourth, that were it not for Plaintiff's disability, Defendant would not have taken adverse employment action against her.

Plaintiff need not show that disability discrimination was the only or predominant factor that motivated Defendant. In fact, you may decide that other factors were involved as well in Defendant's decision-making process. In that event, in order for you to find for Plaintiff, you must find that she has proven that, although there were other factors, she would not have suffered an adverse employment action without the disability discrimination.

<u>Authority</u>

*See* Pattern Jury Instructions for Cases of Employment Discrimination (Disparate Treatment) For the District Courts of the United States Court of Appeals for the First Circuit (Feb. 2002) ("First Circuit Instructions"), 1.1 (updated Aug. 24, 2011) & § 3.1 (updated March 1, 2011); *Echevarria v. AstraZeneca Pharmaceutical LP*, 856 F.3d 119, 126 (1st Cir. 2017); *Jones v. Nationwide Life Ins. Co.*, 696 F.3d 78, 87 (1st Cir. 2012); *see also* Mass. Jury Instructions, § 5.2.5

Accepted:_____

Refused:_____

Modified:_____

## DEFENDANT'S PROPOSED INSTRUCTION NO. 11

### Essential Functions

The essential functions of a job are those activities that must necessarily be performed by an employee to accomplish the principal goals of the job. In determining the essential functions of the plaintiff's job, you may consider the plaintiff's job description as well as the nature of the employer's particular business. You may also consider (1) the employer's judgment as to which functions of the job are essential, (2) the amount of time spent on the job performing the function in question, (3) the consequences of not requiring the person to perform the function, (4) the work experience of people who have held the job, (5) the current work experience of people in similar jobs, (6) whether the reason the position exists is to perform the function, (7) whether there are a limited number of employees available among whom the performance of the function can be distributed, and (8) whether the function is highly specialized and the individual in the position was hired for his or her expertise or ability to perform the function. No one factor is necessarily controlling. You should consider all of the evidence in deciding whether a job function is essential.

### Authority

*See* Mass. Jury Instructions, § 5.2.5(c); First Circuit Instructions, § 3.1 (updated March 1, 2011); *see also Jones v. Nationwide Life Ins. Co.*, 696 F.3d 78, 88 (1st Cir. 2012); *Gillen v. Fallon Ambulance Serv., Inc.*, 283 F.3d 11, 25 (1st Cir. 2002); *Godfrey v. Globe Newspaper Co.*, 457 Mass. 113, 120-21 (2010); *Carleton v. Commonwealth*, 447 Mass. 791, 808 (2006).

Accepted:_____

Refused:_____

Modified:_____

## DEFENDANT'S PROPOSED INSTRUCTION NO. 12

### Adverse Employment Action

An "adverse employment action" is one that, standing alone, actually causes damage, tangible or intangible, to an employee. A trivial harm is insufficient. The fact that an employee is unhappy with something that his or her employer did or failed to do is not enough to make that act or omission an adverse employment action. Likewise, subjective feelings of disappointment or disillusionment concerning an employment action do not constitute an adverse action. Rather, an employer takes materially adverse action against an employee only if it (1) takes something of consequence away from the employee, for example, by discharging or demoting the employee, reducing his or her salary, or taking away significant responsibilities; or (2) fails to give the employee something that is a customary benefit of the employment relationship, for example, by failing to follow a customary practice of considering the employee for promotion after a particular period of service. For an employment action to be adverse, it must materially change the conditions of the Plaintiff's employment, which means that it must be more disruptive than a mere inconvenience or an alteration of job responsibilities. Whether action is materially adverse should be judged from the perspective of a reasonable person in Plaintiff's position, considering all of the circumstances.

### Authority

*See* First Circuit Instructions, § 3.1 (updated March 1, 2011); Mass. Jury Instructions, § 5.2 at 5-39; *Morales-Vallellanes v. Potter*, 605 F.3d 27, 35 (1st Cir. 2010); *Marrero v. Goya of Puerto Rico, Inc.*, 304 F.3d 7, 23 (1st Cir. 2002); *MacCormack v. Boston Edison Co.*, 423 Mass. 652, 662-63 (1996).

Accepted:_____

Refused:_____

Modified:_____

**DEFENDANT'S PROPOSED INSTRUCTION NO. 13**

**Disability Discrimination – Failure to Provide Reasonable Accommodation**

Federal law and Massachusetts law both require employers to provide reasonable accommodation to employees who are disabled, unless the accommodation would impose an undue hardship on the employer or pose a direct threat to the employee or others.

To succeed on her claim that Defendant engaged in disability discrimination by failing to provide her with a reasonable accommodation, Plaintiff need not show that Defendant had discriminatory intent, but she must instead prove by a preponderance of the evidence all of the following:

First, Plaintiff had a physical or mental impairment that substantially limited Plaintiff's ability to work. As I instructed you earlier, a person is "substantially limited" in her ability to work if she is restricted in the ability work.

Second, Plaintiff was a qualified individual with a disability. To meet this requirement, as I instructed you earlier, Plaintiff must prove that she possessed the necessary skill, experience, education, and other job-related requirements for the position of Executive Director for Defendant's Global Central Labs, and could have performed the essential functions of the Executive Director position at the time that Defendant took adverse action against her, if Defendant had made reasonable accommodations for Plaintiff's disability.

Third, Plaintiff made a request for an accommodation, which Defendant failed or refused to provide. And

Fourth, The accommodation that Plaintiff requested and that Defendant failed or refused to provide was "reasonable," in that it not only was feasible for Defendant to provide under the circumstances, but also (i) did not involve excusing Plaintiff from performing an essential function

of her job, and (ii) would have enabled Plaintiff to perform the essential functions of her job as

Executive Director of the Defendant's Global Central Labs.

<u>Authority</u>

*See* First Circuit Instructions, § 3.2 (updated Sept. 18, 2009); Mass. Jury Instructions, § 5.2.5; *Audette v. Town of Plymouth*, 858 F.3d 13, 20 (1st Cir. 2017); *Echevarria*, 856 F.3d at 126-27; *Godfrey*, 457 Mass. at 120.

Accepted:_____

Refused:_____

Modified:_____

## DEFENDANT'S PROPOSED INSTRUCTION NO. 14

### What is a "reasonable" accommodation?

I have instructed you that in order to succeed on her claim against Defendant for failure to reasonably accommodate her disability, Plaintiff must prove by a preponderance of the evidence that that one or more of the accommodations that she requested from Defendant was "reasonable." A "reasonable" accommodation is a modification or adjustment to the work environment or to the manner in which a job is performed that (a) would enable the plaintiff to perform the essential functions of her job, and (b) is feasible for the employer to provide under the circumstances.

Depending on the circumstances, a reasonable accommodation might include, among other things, (1) modifying or adjusting a job application process to enable a qualified applicant with a disability to be considered for the position, (2) making existing facilities used by employees readily accessible to and usable by persons with disabilities, (3) job restructuring, (4) a part-time or modified work schedule, (5) reassignment to a vacant position, (6) acquisition or modification of equipment or devices, or (7) the adjustment or modification of examinations, training materials, or policies.

An accommodation is not "reasonable" if it requires changing, eliminating, or excusing an inability to perform any essential function of the job, if it requires shifting any of the essential functions of the job to other employees, if it requires creating a new position for the disabled employee, or if it places an undue burden on the employer.

In determining whether Dr. Menninger requested, and whether Defendant failed to provide, an accommodation that was reasonable, you may consider only those accommodations that Dr. Menninger actually requested at the time of the underlying events. In other words, you may not consider any potentially reasonable accommodations that Defendant did not provide but that Dr. Menninger did not request from Defendant at the time of the underlying events.

<u>Authority</u>

*See* First Circuit Instructions, § 3.2 (updated Sept. 18, 2009); Mass. Jury Instructions, § 5.2.5(d); *see also Echevarria*, 856 F.3d at 127; *Freadman v. Metropolitan Prop. & Cas. Ins. Co.*, 484 F.3d 91, 102 (1st Cir. 2007); *Mulloy v. Acushnet Co.*, 460 F.3d 141, 148 (1st Cir. 2006); *Darian v. University of Mass. Boston*, 980 F. Supp. 77, 88 (D. Mass. 1997); *Ocean Spray Cranberries, Inc. v. Massachusetts Comm'n Against Discrimination*, 441 Mass. 632, 648 (2004); *Russell v. Cooley Dickinson Hosp., Inc.*, 437 Mass. 443, 467 (2002).

Accepted:_____

Refused:_____

Modified:_____

## DEFENDANT'S PROPOSED INSTRUCTION NO. 15

### Undue Burden

If Plaintiff meets her burden of proving all of the necessary elements of her claim against Defendant for failure to provide her with a reasonable accommodation of her disability, you must nevertheless find for the Defendant on that claim if you determine that the Defendant has established, by a preponderance of the evidence, that providing the accommodation would have imposed an undue burden on the Defendant.

An accommodation imposes an "undue burden" if it would create significant difficulty or expense for the Defendant, considering the nature and cost of the accommodation, the overall financial resources of the Defendant, the effect of the accommodation on expenses and resources, and the impact of the accommodation on the operations of the Defendant. This last consideration— the impact of the accommodation on the Defendant's operations—includes the accommodation's impact on the ability of other employees to perform their duties, and the impact that the accommodation has on the Defendant's ability to conduct its business.

### Authority

*See* First Circuit Instructions, § 3.2 (updated Sept. 18, 2009); Mass. Jury Instructions, § 5.2.5(e); *see also Reed v. LePage Bakeries*, 244 F.3d 254, 258-60 (1st Cir. 2001); *Carleton v. Commonwealth*, 447 Mass. 791, 807 (2006).

Accepted:_____

Refused:_____

Modified:_____

## <u>DEFENDANT'S PROPOSED INSTRUCTION NO. 16</u>

### Retaliation

Plaintiff accuses Defendant of violating federal and state law by retaliating against her for engaging in protected activities—namely, for requesting accommodations of her claimed disability. Requesting an accommodation for a disability is a "protected activity."

To succeed on her claim, Plaintiff must prove by a preponderance of the evidence –

<u>First</u>, that Defendant, through its supervisor-level employees, took adverse action against her. In this context, an "adverse action" is one that would be materially adverse to a reasonable employee. An action is "materially adverse" if it could well dissuade a reasonable employee from making or supporting a charge of discrimination.

<u>Second</u>, that when the Defendant's supervisor-level employees took the adverse action against Plaintiff, they were aware that Plaintiff had requested accommodations of her claimed disability.

<u>Third</u>, that were it not for Plaintiff's request for accommodations of her claimed disability, Defendant would not have taken adverse action against her.

Plaintiff need not show that retaliation was the only or predominant factor that motivated Defendant. In fact, you may decide that other factors were involved as well in Defendant's decision-making process. In that event, in order for you to find for Plaintiff, you must find that she has proven that, although there were other factors, she would not have suffered an adverse employment action without the retaliation.

### <u>Authority</u>

*See* First Circuit Instructions, §§ 1.1 (updated Aug. 24, 2011) & 5.1 (updated Apr. 10, 2012); Mass. Jury Instructions, § 5.2.9; *see Burlington N. v. White*, 548 U.S. 53, 57 (2006); *Cherkaoui v. City of Quincy*, 877 F.3d 14, 28-29 (1st Cir. 2017); *Billings v. Town of Grafton*, 515 F.3d 39, 52 (1st Cir. 2008); *Bulwer v. Mt. Auburn Hosp.*, 473 Mass. 672, 680 (2016); *Mole v. University of Mass.*, 442 Mass. 582, 591-02, 594 (2004).

Accepted:_____

Refused:_____

Modified:_____

<u>**DEFENDANT'S PROPOSED INSTRUCTION NO. 17**</u>

**Pretext and Business Judgment**

If you determine that any employment decision that Defendant made constituted an adverse employment action against Plaintiff, you must also consider any legitimate, non-discriminatory reason or explanation stated by the Defendant for that decision. If you determine that Defendant has stated such a reason, then you must decide in favor of Defendant unless the Plaintiff has proven, by a preponderance of the evidence, that the Defendant's stated reason was not the true reason. The ultimate burden of persuasion that Defendant intentionally discriminated against Plaintiff remains at all times with the Plaintiff. Defendant has only the burden of stating a legitimate, non-discriminatory reason for its actions—it does not have the burden of persuading you of its stated reason by the preponderance of the evidence. Rather, Plaintiff has the burden of persuading you that Defendant's stated reason for its actions was not the true reason.

If you determine that the Defendant's stated reason for its decision was not the true reason, then you may, but need not, infer that the Defendant's true reason for the decision was discrimination or retaliation, and that the Defendant's stated reason was a "pretext" for discrimination or retaliation. Remember, however, that not all pretexts are designed or intended to conceal discrimination or retaliation, and that it is Plaintiff's burden to satisfy you, by a preponderance of the evidence, that the adverse action would not have been taken except for the Defendant's consideration of the Plaintiff's disability or her request for accommodations.

When considering pretext, your focus must be on the Defendant's state of mind, not on whether the Defendant's reasoning was, in your view, right or wrong. In addition, when determining whether the Defendant's stated reason for its actions was not its true reason, you may not question the Defendant's business judgment. Pretext is not established just because you disagree with the business judgment of the Defendant, unless you also find that the Defendant's

stated reason was a pretext for discrimination. Even if you were to decide that Defendant's actions were foolish, or unfair or unprofessionally handled, that would not be enough to establish that its actions were discriminatory or retaliatory.

<u>Authority</u>

*See* Kevin F. O'Malley, et al., 3 Federal Jury Prac. & Instr. §§ 171:75 & 171:77 (6th ed. 2006) (2023 Supp.); Leonard B. Sand, et al., 4 Modern Fed. Jury Instr.-Civil, ¶ 88A.04 (Instr. 88A-22); Mass. Jury Instructions, § 5.2.3(a); *see Raytheon Co. v. Hernandez*, 540 U.S. 44 (2003); *Mesnick v. General Elec. Co.*, 950 F.2d 816, 825 (1st Cir. 1991); *Bulwer v. Mt. Auburn Hosp.*, 473 Mass. 672, 681, 683-87 (2016). *Goldman v. First National Bank*, 985 F.2d 1113, 1117 (1st Cir.1993); *Herbert v. Mohawk Rubber Co.*, 872 F.2d 1104, 1111 (1st Cir. 1989); *Connell v. Bank of Boston*, 924 F.2d 1169, 1173 (1st Cir. 1991).

Accepted:_____

Refused:_____

Modified:_____

## <u>DEFENDANT'S PROPOSED INSTRUCTION NO. 18</u>

### Damages

If you find that Defendant discriminated against Plaintiff based on her disability, or retaliated against her for engaging in protected activities, then you must determine whether it has caused Plaintiff damages and, if so, you must determine the amount of those damages.

You should not conclude from the fact that I am instructing you on damages that I have any opinion as to whether Plaintiff has proved liability. Instructions as to the measure of damages are given for your guidance only in the event you should find in favor of the Plaintiff from a preponderance of the evidence in the case in accordance with the other instructions that I have given you.

Plaintiff must prove her damages by a preponderance of the evidence. Your award must be based on evidence and not on speculation or guesswork. The damages that you award must be fair compensation-no more and no less.

Any award you make should be fair in light of the evidence presented at the trial. In determining the amount of any damages that you decide to award, you should be guided by dispassionate common sense. You must use sound judgment in fixing an award of damages, drawing reasonable inferences from the facts in evidence. You may not award damages based on sympathy, speculation, or guess work. On the other hand, the law does not require that Plaintiff prove the amount of her losses with mathematical precision, but only with as much definiteness and accuracy as circumstances permit.

The categories of damages that you may consider awarding to Plaintiff, if you find that Defendant is liable to Plaintiff, are as follows: (1) back pay; (2) front pay; (3) emotional distress; and (4) punitive damage. I will now instruct you as to each of these categories.

<u>Authority</u>

See Kevin F. O'Malley, et al., 3 Federal Jury Prac. & Instr. §§ 106:02 & 172:70 (6th ed. 2006) (2023 Supp.); First Circuit Instructions, § 9.1; Mass. Jury Instructions, § 5.3.1.

Accepted:_____

Refused:_____

Modified:_____

## DEFENDANT'S PROPOSED INSTRUCTION NO. 19

### Back Pay

If you determine that Defendant discriminated against Plaintiff based on a disability, or retaliated against her for requesting accommodation of a disability, then Plaintiff may be entitled to recover "back pay," which is the amount of the lost salary, bonuses, the value of employment benefits, and health insurance benefits that Plaintiff would have received, but for the Defendant's discriminatory or retaliatory conduct, from the date of the adverse employment decision until today.

The Plaintiff has a duty under the law to make every reasonable effort to minimize or reduce her damages for loss of compensation by seeking employment. This duty is referred to as the duty to mitigate damages. Defendant has the burden of proving, by a preponderance of the evidence, that Plaintiff failed to make reasonable efforts to minimize or reduce her damages for loss of compensation, and thus has failed to mitigate her damages.

If you determine that Plaintiff is entitled to recover back pay damages, you must reduce those damages by (1) the amount of money that Plaintiff has earned from the date of the adverse employment decision until today, and (2) the amount of money that Plaintiff could have earned by reasonable effort during the period from the date of the adverse employment decision until today.

### Authority

*See* Mass. Jury Instructions, § 5.3.2; Kevin F. O'Malley, et al., 3 Federal Jury Prac. & Instr. §§ 172:71, 172:75 (6th ed. 2006) (2023 Supp.).

Accepted:_____

Refused:_____

Modified:_____

## DEFENDANT'S PROPOSED INSTRUCTION NO. 20

### Front Pay

If you determine that Defendant discriminated against Plaintiff based on a disability, or retaliated against her for requesting accommodation of a disability, then you must also calculate separately, as future damages, a monetary amount equal to the present value of the wages and benefits that Plaintiff reasonably would have earned in the future, in her employment with Defendant, if Plaintiff had not been discriminated against or retaliated against, minus the amount of wages and benefits that Plaintiff may reasonably be expected to earn in the future via other similar employment.

You cannot speculate in awarding front pay; rather, the determination of the amount of the award—if any—must be proven with reasonable certainty. You should make reasonable estimates based on the evidence concerning the amount of future earnings, including salary, bonuses, and the value of benefits that the Plaintiff would have received but for the Defendant's unlawful discrimination or retaliation. You must also make reasonable estimates, based on the evidence, of the amount of time that Plaintiff would have remained employed by Defendant if she had not been discriminated against or retaliated against, and of the amount of wages and benefits that Plaintiff may reasonably be expected to earn in the future via other similar employment.

You must also reduce any award to its present value by considering the interest that Plaintiff could earn on the amount of the award if Plaintiff had made a relatively risk-free investment. The reason you must make this reduction is because an award of an amount representing future loss of earnings is more valuable to Plaintiff if plaintiff receives it today than if Plaintiff received it in the future, when Plaintiff would otherwise have earned it. It is more valuable because Plaintiff can earn interest on it for the period of time between the date of the award and the date Plaintiff would have earned the money. Thus you should adjust the amount of

any award for future loss of earnings by the amount of interest that Plaintiff can earn on that amount

in the future.

<u>Authority</u>

*See* Kevin F. O'Malley, et al., 3 Federal Jury Prac. & Instr. §§ 172:72 (6th ed. 2006) (2023 Supp.); Mass. Jury Instructions, § 5.3.3; *Giles v. General Elec. Co.*, 245 F.3d 474, 489 (5th Cir. 2001); *Scarfo v. Cabletron Sys., Inc.*, 54 F.3d 931, 958 (1st Cir. 1995); *Conway v. Electro Switch Corp.*, 402 Mass. 385, 390 (1988).

Accepted:_____

Refused:_____

Modified:_____

## DEFENDANT'S PROPOSED INSTRUCTION NO. 21

### Emotional Distress

If you find that the Plaintiff has been discriminated against, you may also award her reasonable damages for her emotional distress. Emotional distress includes mental pain, discomfort, indignity, depression, fear, anxiety, or humiliation suffered as a result of the discrimination. Although uncertainty in the amount of damages, including emotional distress damages, does not bar recovery, and although mathematical precision is not required, you must not speculate, conjecture, or guess in awarding damages. Accordingly, you should not award damages for speculative injuries, but only for those that the Plaintiff actually suffered as a result of the Defendant's conduct, or which the Plaintiff is reasonably likely to suffer as a result of the Defendant's conduct in the near future.

In addition, the Plaintiff must show a causal connection between the Defendant's unlawful act and the Plaintiff's emotional distress. Accordingly, you must consider whether and to what extent the Plaintiff's emotional distress has been due to a condition that existed prior to the alleged discrimination or retaliation, or arose from events other than the actions of Defendant. To the extent that Plaintiff's emotional distress has been due to such conditions or events, Plaintiff cannot recover for it from Defendant.

When considering emotional distress awards, evidence in the form of some physical manifestation of the emotional distress, or evidence in the form of expert testimony, although beneficial, is not necessary to awarding damages. That said, an award of emotional distress damages must rest on substantial evidence, and its factual basis must be made clear on the record.

<u>Authority</u>

*See* Mass. Jury Instructions, § 5.3.4; Leonard B. Sand, et al., 4 Modern Fed. Jury Instr.-Civil, ¶ 88A.05 (Instr. 88A-29).

Accepted:_____

Refused:_____

Modified:_____

## DEFENDANT'S PROPOSED JURY INSTRUCTION NO. 22

### Punitive Damages

If you find that the Defendant has intentionally discriminated or retaliated against the Plaintiff, you may consider whether punitive damages are warranted. Punitive damages are different from compensatory damages. Unlike compensatory damages, which compensate the plaintiff for the harm that he or she has suffered, the purpose of punitive damages is to punish the defendant for conduct that is outrageous because of the defendant's evil motive or reckless indifference to the rights of others.

To find that punitive damages should be awarded, you must find that more than intentional discrimination occurred. Punitive damages may be awarded only where the plaintiff has proven by a preponderance of the evidence that (1) the individual who engaged in the discriminatory act or practice was acting in a managerial capacity, (2) he or she engaged in the discriminatory act or practice while acting in the scope of his or her employment, and (3) his or her the Defendant's conduct was not only intentional, but also was outrageous or egregious, or that he or she acted with malice or with reckless indifference to the rights of the disabled.

If Plaintiff has proved these facts, then you may award punitive damages, unless Defendant proves by a preponderance of the evidence that the conduct or action by the managerial employee was contrary to its good-faith efforts to prevent discrimination in the workplace.

In determining whether an employee of Defendant was a supervisor or manager for Defendant, you should consider the type of authority that he or she had over Plaintiff and the type of authority for employment decisions Defendant authorized him or her to make.

In determining whether Defendant made good-faith efforts to prevent discrimination in the workplace, you may consider whether it adopted antidiscrimination policies, whether it educated

its employees on the federal antidiscrimination laws, how it responded to Plaintiff's complaint of discrimination, and how it responded to other complaints of discrimination.

It is entirely within your discretion as jurors to determine whether to award punitive damages if the elements I just described have been proved. However, keep in mind that you are not required to award punitive damages. Punitive damages are appropriate only for especially shocking and offensive misconduct. If you decide to award punitive damages, you must use sound reason in setting the amount. The amount of the award must not reflect bias, prejudice, or sympathy toward any party, but the amount can be as large as you believe necessary to fulfill the purpose of punitive damages.

In determining the amount of a punitive damages award, if any, you should consider (1) the egregious or outrageous character or nature of the Defendant's conduct, (2) the Defendant's wealth, in order to determine what amount of money is needed to punish the Defendant's conduct and to deter any future acts of discrimination; (3) the actual harm suffered by the Plaintiff, (4) the magnitude of any potential harm to other victims if similar future behavior is not deterred, (5) whether there was a conscious or purposeful effort to demean or diminish disabled people (or the Plaintiff because she is disabled), (6) whether the Defendant was aware that the discriminatory conduct would likely cause serious harm, or recklessly disregarded the likelihood that serious harm would arise, (7) the Defendant's conduct after learning that the initial conduct would likely cause harm, and (8) the duration of the wrongful conduct and any concealment of that conduct by the Defendant.

<u>Authority</u>

      *See* Mass. Jury Instructions, § 5.3.5; Leonard B. Sand, et al., 4 Modern Fed. Jury Instr.-Civil, ¶ 88A.05 (Instr. 88A-30). *Tobin v. Liberty Mut. Ins. Co*, 553 F.3d 121 (1st Circ. 2009); *Iacobucci v. Boulter*, 193 F. 3d 14, 26 (1st Cir. 1999).

Accepted:_____

Refused:_____

Modified:_____

## DEFENDANT'S PROPOSED JURY INSTRUCTION NO. 23

### Duty to Deliberate

The verdict must represent the considered judgment of each of you. In order to return a verdict, it is necessary that each juror agree. Your verdict must be unanimous.

It is your duty, as jurors, to consult with one another, and to deliberate with a view to reaching an agreement, if you can do so without disregard of individual judgment. You must each decide the case for yourself, but only after an impartial consideration of the evidence in the case with your fellow jurors. In the course of your deliberations, do not hesitate to reexamine your own views, and change your opinion, if convinced it is erroneous. But do not surrender your honest conviction as to the weight or effect of evidence, solely because of the opinion of your fellow jurors, or for the mere purpose of returning a verdict.

Remember at all times that you are not partisans. You are judges—judges of the facts. Your sole interest is to seek the truth from the evidence in the case.

### Authority

*See* Kevin F. O'Malley, et al., 3 Federal Jury Prac. & Instr. § 106:01 (6th ed. 2006) (2023 Supp.).

Accepted:_____

Refused:_____

Modified:_____

## DEFENDANT'S PROPOSED INSTRUCTION NO. 24

### Selection of Foreperson – Verdict Forms

Upon retiring to the jury room, you will select one of you to act as your foreperson. You shall then discuss the case with the other jurors to reach agreement if you can do so. The foreperson will preside over your deliberations, and will be your spokesperson here in court.

Verdict forms have been prepared for your convenience.*[Read forms of verdict]*.

You will take these forms to the jury room and, when you have reached unanimous agreement as to your verdict, you will have your foreperson fill in, date and sign the form that sets forth the verdict upon which you unanimously agree. You will then return with your verdict to the courtroom.

### Authority

*See* Kevin F. O'Malley, et al., 3 Federal Jury Prac. & Instr. § 106:04 (6th ed. 2006) (2023 Supp.).

Accepted:_____

Refused:_____

Modified:_____

## DEFENDANT'S PROPOSED INSTRUCTION NO. 25

### Communication with the Court

If it becomes necessary during your deliberations to communicate with me, you may send a note by a bailiff, signed by your foreperson or by one or more members of the jury. No member of the jury should ever attempt to communicate with me by any means other than a signed writing. I will never communicate with any member of the jury on any subject touching the merits of the case otherwise than in writing, or orally here in open court.

From the oath about to be taken by the bailiffs you will note that they too, as well as all other persons, are forbidden to communicate in any way or manner with any member of the jury on any subject touching the merits of the case.

Bear in mind also that you are never to reveal to any person—not even to me—how the jury stands, numerically or otherwise, on the questions before you, until after you have reached a unanimous verdict.

### Authority

*See* Kevin F. O'Malley, et al., 3 Federal Jury Prac. & Instr. § 106:08 (6th ed. 2006) (2023 Supp.).

Accepted:_____

Refused:_____

Modified:_____

**DEFENDANT'S PROPOSED INSTRUCTION NO. 26**

**Reaching Agreement**

Each of you must decide the case for yourself, but you should do so only after considering all the evidence, discussing it fully with the other jurors, and listening to their views. Do not be afraid to change your opinion if you think you are wrong. But do not come to a decision simply because other jurors think it is right.

The case has taken time and effort to prepare and try. There is no reason to think it could be better tried or that another jury is better qualified to decide it. It is important therefore that you reach a verdict if you can do so conscientiously. If it looks at some point as if you may have difficulty in reaching a unanimous verdict, and if the greater number of you are agreed on a verdict, the jurors in both the majority and the minority should reexamine their positions to see whether they have given careful consideration and sufficient weight to the evidence that has favorably impressed the jurors who disagree with them. You should not hesitate to reconsider your views from time to time and to change them if you are persuaded that this is appropriate.

It is important that you attempt to return a verdict but, of course, only if each of you can do so after having made his or her own conscientious determination. Do not surrender an honest conviction as to the weight and effect of evidence simply to reach a verdict.

Authority

*See* Draft Civil Jury Instructions of Hon. D. Brock Hornby, United States District Court for the District of Maine, page 7; *see also* Kevin F. O'Malley, et al., 3 Federal Jury Prac. & Instr. § 106:10 (6th ed. 2006) (2023 Supp.).

Accepted:_____

Refused:_____

Modified:_____

-41-

# EXHIBIT B

## UNITED STATES DISTRICT COURT
## DISTRICT OF MASSACHUSETTS

LISA MENNINGER,

                Plaintiff,

v.                                                    Civil Action No.  1:19-CV-11441-LTS

PPD DEVELOPMENT, L.P.,

                Defendant.

## **DEFENDANT'S REQUEST FOR SPECIAL VERDICT FORMS**

Defendant PPD Development, L.P. respectfully requests that the Court give the attached special verdict forms to the jury. Defendant reserves the right to submit revised special verdict forms based on the Court's rulings on motions *in limine* and other pretrial matters, based on the evidence adduced at trial, or to conform to the Court's rulings of law.

PPD DEVELOPMENT, L.P.

By its attorneys,

*/s/ Patrick M. Curran, Jr.*
Rachel Reingold Mandel (BBO #660495)
Patrick M. Curran, Jr. (BBO #659322)
OGLETREE, DEAKINS, NASH, SMOAK &
STEWART, P.C.
One Boston Place, Suite 3500
Boston, MA 02108
Telephone: (617) 994-5700
Facsimile:  (617) 994-5701
rachel.mandel@ogletree.com
patrick.curran@ogletree.com

Dated: March 10, 2023

**<u>Verdict Form A – Disability Discrimination (Reasonable Accommodation)</u>**

We answer the questions submitted to us as follows:

1. Did Lisa Menninger prove, by a preponderance of the evidence, that she had a "disability" – that is, a physical or mental impairment that substantially limited her ability to work?

   ___ Yes                    ___ No

   If your answer to question 1 is yes, then answer question 2. If you answered no, stop here, answer no further questions on this form, and proceed to the next verdict form.

2. Did Lisa Menninger prove, by a preponderance of the evidence, that she was a "qualified individual with a disability," as defined in the Court's Instructions?

   ___ Yes                    ___ No

   If your answer to question 2 is yes, then answer question 3. If you answered no, stop here, answer no further questions on this form, and proceed to the next verdict form.

3. Did Lisa Menninger prove, by a preponderance of the evidence, that the accommodations of her disability that she requested of PPD Development, L.P. ("PPD"), and that PPD did not provide to her, were "reasonable accommodations," as that term is defined in the Court's instructions?

   ___ Yes                    ___ No

   If your answer to question 3 is yes, then answer question 4. If you answered no, stop here, answer no further questions on this form, and proceed to the next verdict form.

4. Did PPD prove, by a preponderance of the evidence, that the accommodations that Lisa Menninger requested and that PPD did not provide to her would have created an undue hardship to the operation of PPD's business?

   ___ Yes                    ___ No

   Please proceed to the next verdict form.

## <u>Verdict Form B – Disability Discrimination (Disparate Treatment)</u>

We answer the questions submitted to us as follows:

1. Did Lisa Menninger prove, by a preponderance of the evidence, that she had a "disability" – that is, a physical or mental impairment that substantially limited her ability to work?

    ___ Yes                    ___ No

    If your answer to question 1 is yes, then answer question 2. If you answered no, stop here, answer no further questions on this form, and proceed to the next verdict form.

2. Did Lisa Menninger prove, by a preponderance of the evidence, that she was a "qualified individual with a disability," as defined in the Court's Instructions?

    ___ Yes                    ___ No

    If your answer to question 2 is yes, then answer question 3. If you answered no, stop here, answer no further questions on this form, and proceed to the next verdict form.

3. Did Lisa Menninger prove, by a preponderance of the evidence, that PPD Development, L.P. ("PPD") took an adverse employment action against her after it learned that she had a physical or mental impairment that substantially limited her ability to work?

    ___ Yes                    ___ No

    If your answer to question 3 is yes, then answer question 4. If you answered no, stop here, answer no further questions on this form, and proceed to the next verdict form.

4. Did Lisa Menninger prove, by a preponderance of the evidence, that if she had not been disabled, PPD would not have taken adverse employment action against her?

    ___ Yes                    ___ No

    Please proceed to the next verdict form.

## **Verdict Form C – Retaliation**

We answer the questions submitted to us as follows:

1. Did Lisa Menninger prove, by a preponderance of the evidence, that PPD Development, L.P. ("PPD"), through its supervisor-level employees, took "adverse action" (as that term is defined in the Court's Instructions) against her?

    ___ Yes                         ___ No

    If your answer to question 1 is yes, then answer question 2. If you answered no, stop here, answer no further questions on this form, and proceed to the next verdict form.

2. Did Lisa Menninger prove, by a preponderance of the evidence, that when PPD's supervisor-level employees took adverse action against her, they were aware that she had requested accommodations of her claimed disability?

    ___ Yes                         ___ No

    If your answer to question 2 is yes, then answer question 3. If you answered no, stop here, answer no further questions on this form, and proceed to the next verdict form.

3. Did Lisa Menninger prove, by a preponderance of the evidence, that if she had not requested accommodations of her claimed disability, PPD would not have taken adverse action against her?

    ___ Yes                         ___ No

    Please proceed to the next verdict form.

## **Verdict Form D – Compensatory Damages**

We answer the questions submitted to us as follows:

1.    If your last answer on Verdict Forms A, B, <u>or</u> C was "yes," then answer questions 2 through 6, below. If your last answer on Verdict Forms A, B, <u>and</u> C was "no," then stop here and answer no further questions.

2.    <u>Economic damages: back pay</u>. Enter below the amount of "back pay" (as that term is defined in the Court's Instructions), if any, that Lisa Menninger proved by a preponderance of the evidence that she lost because of PPD's disability discrimination or retaliation.

$_____

3.    <u>Economic damages: front pay</u>. Enter below the amount of "front pay" (as that term is defined in the Court's Instructions), if any, that Lisa Menninger proved by a preponderance of the evidence that she will lose because of PPD's disability discrimination or retaliation.

$_____

4.    <u>Non-economic damages: emotional distress</u>. Enter below the amount of damages for "emotional distress" (as that term is defined in the Court's Instructions), if any that Lisa Menninger proved by a preponderance of the evidence that she suffered or is reasonably likely to suffer in the near future because of PPD's disability discrimination or retaliation.

$_____

5.    Enter next to "TOTAL," below, the sum of the dollar amounts listed in your responses to Questions 2, 3, and 4.

TOTAL:  $_____

6.    What percentage of that Total amount is attributable to each the following claims:

A._____% Disability Discrimination – Disparate Treatment

B._____% Disability Discrimination – Failure to Accommodate

C._____% Retaliation

Please proceed to the next verdict form.

## <u>Verdict Form E – Punitive Damages</u>

We answer the questions submitted to us as follows:

1.      If your last answer on Verdict Forms A, B, <u>or</u> C was "yes," then answer questions 2 through 6, below. If your last answer on Verdict Forms A, B, <u>and</u> C was "no," then stop here and answer no further questions.

2.      Did Lisa Menninger prove by a preponderance of the evidence that the employee(s) who engaged in the discriminatory or retaliatory act(s) was or were acting in a managerial capacity?

         ___ Yes             ___ No

If your answer to question 2 is yes, then answer question 3. If you answered no, stop here and answer no further questions.

3.      Did Lisa Menninger prove by a preponderance of the evidence that the employee(s) who engaged in the discriminatory or retaliatory act(s) did so while acting in the scope of their employment?

         ___ Yes             ___ No

If your answer to question 3 is yes, then answer question 4. If you answered no, stop here and answer no further questions.

4.      Did Lisa Menninger prove by a preponderance of the evidence that the employee(s) who engaged in the discriminatory or retaliatory act(s) did so with malice or with reckless indifference to the rights of the disabled?

         ___ Yes             ___ No

If your answer to question 4 is yes, then answer question 5. If you answered no, stop here and answer no further questions.

5.      What amount of punitive damages, if any, do you award to Lisa Menninger?

         $_____

6.      What percentage of the amount listed in response to Question No. 5 is attributable to each of the following claims?

         A._____% Disability Discrimination – Disparate Treatment

         B._____% Disability Discrimination – Failure to Accommodate

         C._____% Retaliation