| LIST OF DISPUTED EXHIBITS TO BE OFFERED AT TRIAL | | |
|---|---|---|
| Ex. Letter | Description | Objection |
| | | this is an unverified printout from a website that has no evidentiary value. |
| AZ | P28 – PPD's Privilege Log | This document was prepared by counsel as part of PPD's obligations under the Federal Rules of Civil Procedure; this document cannot conceivably be introduced at trial or be considered by the jury for any legitimate purpose. |
| BA | P29 – PPD's Privilege Log (annotated) (ECF Doc. No. 42-1), 2/7/21 | This document was prepared by counsel as part of PPD's obligations under the Federal Rules of Civil Procedure; this document cannot conceivably be introduced at trial or be considered by the jury for any legitimate purpose. |
| BB | P30 – PPD's Supplemental Privilege Log (served 2/5/21) | This document was prepared by counsel as part of PPD's obligations under the Federal Rules of Civil Procedure; this document cannot conceivably be introduced at trial or be considered by the jury for any legitimate purpose. |
| BC | P51 – Offer letter to Menninger with wrong date, MENNINGER000044-47 | This document contains an erroneous February 2020 date on Plaintiff's offer letter, and was clearly auto-dated at some point prior to production in this matter. There is no dispute Plaintff was offered, accepted, and began employment in 2015. This misdated document would be confusing to the jury and offers no particular beneficial value given that there are other copies of Plaintiff's employment offer letter within the record that have the correct 2015 date. |
| BD | P101 – Memo to Menninger from Simmons, 8/14/17, MENNINGER_SUPP000478-621 | These documents were late produced on 2/24/23 (despite clearly being in Plaintiff's possession since the inception of litigation), less than one month before the start of trial and more than two years after the close of fact discovery. These documents may not be used for any purpose at trial. |

| LIST OF DISPUTED EXHIBITS TO BE OFFERED AT TRIAL | | |
|---|---|---|
| **Ex. Letter** | **Description** | **Objection** |
| BE | P105 – FMLA information, MENNINGER000104-11 | Certain pages within this document contain no content (or said content is not readable); their use during trial would be confusing to the jury and this document has no relevance, given that there is no pending claim regarding Plaintiff's use of FMLA leave. |
| BF | P171 – St. John/Ballweg/Mekerri email correspondence, PPD_MENNINGER 000821-23 | This document relates only to the timeline of Plaintiff's receipt of performance feedback for calendar year 2017. The Court granted PPD summary judgment in connection with Plaintiff's allegation that her 2017 performance rating was retaliatory. Thus, this document has no evidentiary value (and could be unduly prejudicial to PPD) and cannot be presented to the jury. |
| BG | P309 – Emails regarding Audit for 2017 year-end performance review, PPD_MENNINGER 001694-1700 | This document relates only to the timeline of Plaintiff's receipt of performance feedback for calendar year 2017. The Court granted PPD summary judgment in connection with Plaintiff's allegation that her 2017 performance rating was retaliatory. Thus, this document has no evidentiary value (and could be unduly prejudicial to PPD) and cannot be presented to the jury. |
| BH | P310 – Email from St. John to Ballweg, 5/14/18, PPD_MENNINGER 001711 | This document relates only to the timeline of Plaintiff's receipt of performance feedback for calendar year 2017. The Court granted PPD summary judgment in connection with Plaintiff's allegation that her 2017 performance rating was retaliatory. Thus, this document has no evidentiary value (and could be unduly prejudicial to PPD) and cannot be presented to the jury. |
| BI | P312 – Emails regarding Audit for 2017 year-end performance review, PPD_MENNINGER 001734-36 | This document relates only to the timeline of Plaintiff's receipt of performance feedback for calendar year 2017. The Court granted PPD summary judgment in |

| **LIST OF DISPUTED EXHIBITS TO BE OFFERED AT TRIAL** |||
|---|---|---|
| **Ex. Letter** | **Description** | **Objection** |
|  |  | connection with Plaintiff's allegation that her 2017 performance rating was retaliatory. Thus, this document has no evidentiary value (and could be unduly prejudicial to PPD) and cannot be presented to the jury. |
| BJ | P465 – PPD_MENNINGER 003690-91 | This document relates only to PPD's termination approval in February 2019. In granting, partial summary judgment to PPD, the Court ruled that Plaintiff's termination "nearly eight months after she took a medical leave, and where she showed no sign of intending to return to work" (internal quotations omitted) is not grounds for a claim of disability-related disparate treatment, and therefore this document has no relevance in this case and would serve only to confuse the jury and be prejudicial to PPD. |
| BK | P466 – Ex. A to R. Jonas Expert Report | PPD objects to the use of this document for any purpose other than as referenced by Plaintiff's economic damages expert, or for response to testimony by Plaintiff's economic damages expert (including through the testimony of PPD's economic damages expert). |
| BL | P467 – Ex. B to R. Jonas Expert Report | PPD objects to the use of this document for any purpose other than as referenced by Plaintiff's economic damages expert, or for response to testimony by Plaintiff's economic damages expert (including through the testimony of PPD's economic damages expert). |
| BM | D1 – Self-Identification Form, PPD_MENNINGER 000414-17 | Relevance; Unduly Prejudicial; Improper Character Evidence. |
| BN | D25 – Menninger/Mekerri/St. John email correspondence, PPD_MENNINGER 000941-48, 002538-42 | Contains an incorrect attachment. |

| LIST OF DISPUTED EXHIBITS TO BE OFFERED AT TRIAL | | |
|---|---|---|
| Ex. Letter | Description | Objection |
| BO | D39 – Kessimian/Menninger email correspondence, MENNINGER000636-38 | Relevance; Unduly Prejudicial; Lack of Personal Knowledge; Hearsay. |
| BP | D40 – Kessimian/Menninger email correspondence, MENNINGER000612-14 | Relevance; Unduly Prejudicial; Lack of Personal Knowledge; Hearsay. |
| BQ | D46 – Mason Menninger/Kessimian email correspondence, MENNINGER000608 | Relevance; Unduly Prejudicial; Hearsay. |
| BR | D47 – Kessimian/Menninger email correspondence, 4/7/18, MENNINGER000609 | Relevance; Unduly Prejudicial. |
| BS | D48 – Kessimian/Menninger/Hannon email correspondence, MENNINGER000540 | Relevance; Unduly Prejudicial; Lack of Personal Knowledge; Hearsay. |
| BT | D50 – Mason Menninger SSA Form, MENNINGER000001-10 | Relevance; Unduly Prejudicial; Hearsay. |
| BU | D57 – Text messages, MENNINGER000817-21 | Relevance. |
| BV | D58 - Text messages, MENNINGER000797-98 | Relevance; Unduly Prejudicial. |
| BW | D59 - Text messages, MENNINGER000789-90 | Relevance; Unduly Prejudicial. |
| BX | D61 – Ballweg email, PPD_MENNINGER 002055 | Relevance; Unduly Prejudicial; Hearsay. |
| BY | D62 – Expert Report of William B. Scally (1/15/21) | Relevance; Unduly Prejudicial. |
| BZ | D63 – Expert Report of Martin Kelly, M.D. (12/21/20) | Relevance; Unduly Prejudicial. |
| CA | D64 – Supplemental Expert Report of Martin Kelly, MD (2/9/23) | Relevance; Unduly Prejudicial. |
| | | |