## UNITED STATES DISTRICT COURT
## DISTRICT OF MASSACHUSETTS

LISA MENNINGER,

                Plaintiff,

v.                                                                  Civil Action No.  1:19-CV-11441-LTS

PPD DEVELOPMENT, L.P.,

                Defendant.

### MEMORANDUM IN SUPPORT OF DEFENDANT PPD DEVELOPMENT, L.P.'S OPPOSITION TO PLAINTIFF'S MOTION IN LIMINE TO PRECLUDE DEFENDANT'S MEDICAL EXPERT FROM TESTIFYING ON MATTERS NOT DISCLOSED IN ORIGINAL EXPERT REPORT

Defendant PPD Development, L.P. hereby opposes Plaintiff Lisa Menninger's Motion in Limine Pursuant to Rule 37(C)(1) to Preclude Defendant's Medical Expert From Testifying on Matters Not Disclosed in Original Expert Report.  Plaintiff's motion is entirely without merit and must be denied.

Just two months before trial (on January 19, 2023), Plaintiff produced to PPD several hundred pages of medical records that were never previously disclosed in this matter, including records from 2021 and 2022.  More than a week later, on January 27, 2023, Plaintiff provided a supplemental report from her own medical expert.  PPD then promptly provided the Supplemental Report of its expert, Dr. Martin Kelly, dated February 9, 2023.  Plaintiff's attempt to preclude PPD's reliance on Dr. Kelly's brief and pointed Supplemental Report at trial is disingenuous and has no basis in the law. Despite Plaintiff's efforts to paint Dr. Kelly's Supplemental Expert Report as including new opinions based on documents long available to Dr. Kelly, in fact his Supplemental Report is based only on Plaintiff's newly disclosed medical

records.  In the introduction to his brief, two-page Supplemental Report, Dr. Kelly described the

additional records reviewed, which were only these newly produced medical records.  Of note,

though, these new records cover 2021 and 2022, a substantial time period in this case, given that

Plaintiff's employment with PPD ended in 2019.

Specifically referencing information learned from the recently disclosed medical records

from Plaintiff's treatment in Oregon (which post-dated the records previously provided and that

formed the basis for Dr. Kelly's original opinion), Dr. Kelly opined that, "[a]s mentioned, the

records show her preoccupation with the case and personal complaints."  Dr. Kelly then

described items that he found notably missing from Plaintiff's newer treatment records.

Following that description, Dr. Kelly concluded that Plaintiff has exhibited a "pattern" reflecting

that she is "in control of her presentation."  Dr. Kelly noted that this pattern began in 2017,

describing "critically" that a part of this pattern is Plaintiff's resistance to "reasonable and

appropriate treatment goals," as evidenced by her 2022 treatment records (i.e. records only

provided to PPD in January 2023).  Thus, the pattern occurring over time that Dr. Kelly

described emerged based on his review of Plaintiff's records from 2021 and 2022, which

Plaintiff herself only provided to PPD less than two months ago. [1]  Nothing in Dr. Kelly's

Supplemental Expert Report constitutes a new opinion based solely on information disclosed by

Plaintiff prior to December 2020.

Moreover, these statements in Dr. Kelly's Supplemental Report are entirely consistent

with, and represent a further development of, opinions included in Dr. Kelly's Original Expert

Report.  His December 2020 report included the opinion that:

---

[1] Indeed, Plaintiff's own expert's supplemental report similarly references topics referenced in his earlier report and based on earlier records, including describing his view of "a direct line" extending back to Dr. Menninger's disclosure of a disability to PPD (in January 2018).

> The accommodation issue has originated from her own research into anxiety disorders in December 2017. Subsequently she hired a lawyer and began secretly recording telephone conversations with her boss. The accommodation requirements were generated after a single appointment with a psychiatrist and promptly sent to the company in late January 2018.

Later in the 2020 Original Expert Report, Dr. Kelly stated: "Though she had been initially prescribed antidepressant medications in January 2018 by Dr. Kessimian and later by others, there has never been any obvious clinical improvement." Dr. Kelly's more recent conclusion regarding a pattern of conduct that extends from 2017 to 2022 is an extension of his earlier statements, now supported by more data.

Further, the statement in Plaintiff's motion that she (or her counsel) do not know the meaning of one statement in Dr. Kelly's Supplemental Report is particularly without merit. Plaintiff herself failed to produce these supplemental medical records until two months before trial. Very shortly after that late production (and Plaintiff's own medical expert's supplemental report), Dr. Kelly prepared and provided this Supplemental Report. Had Plaintiff wished to learn more from Dr. Kelly about his Supplemental Report prior to trial, she could have produced these records at an earlier time (including on a rolling basis). Plaintiff herself created this rushed timeline, and she cannot now preclude Dr. Kelly from providing his full, pre-disclosed opinion at trial (and Plaintiff's reliance on cases involving late, pretrial expert opinions is thus entirely inapt).

For these reasons, PPD respectfully asks this Court to deny Plaintiff's motion.

PPD DEVELOPMENT, L.P.

By its attorneys,

*/s/ Rachel Reingold Mandel*

Rachel Reingold Mandel (BBO #660495)
Patrick M. Curran, Jr. (BBO #659322)
OGLETREE, DEAKINS, NASH, SMOAK &
STEWART, P.C.
One Boston Place, Suite 3500
Boston, MA 02108
Telephone: (617) 994-5700
Facsimile:  (617) 994-5701
rachel.mandel@ogletree.com
patrick.curran@ogletree.com

Dated: March 14, 2023

## <u>CERTIFICATE OF SERVICE</u>

I hereby certify that on March 14, 2023 the within document filed through the CM/ECF system will be sent electronically to the registered participants as identified on the Notice of Electronic Filing.

<u>*/s/ Rachel Reingold Mandel*</u>
Rachel Reingold Mandel