UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| LISA MENNINGER,<br><br>       Plaintiff,<br><br>       v.<br><br>PPD DEVELOPMENT, L.P.,<br><br>       Defendant. | Civil Action No. 1:19-cv-11441-LTS |

**PLAINTIFF'S OPPOSITION TO DEFENDANT'S MOTION IN LIMINE TO EXCLUDE EVIDENCE OF POTENTIAL DISABILITY ACCOMMODATIONS THAT PLAINTIFF DID NOT REQUEST DURING HER EMPLOYMENT (DOC. NO. 109)**

Plaintiff does not oppose the instant motion to the extent that it simply asks the Court to abide by its summary judgment ruling that, in deciding Dr. Menninger's failure to accommodate claim, the jury may only consider accommodations that were "sufficiently requested."[1] Defendant's motion, however, proceeds from the assumption that the "sufficiency" of a request is to be decided by the Court, and should be done by referring only to the possible accommodations identified by Dr. Kessimian on February 14, 2018. Plaintiff contends that assumption is wrong on both counts.

First, Dr. Kessimian's February 14, 2018 proposed accommodations were not the only accommodations requested by Dr. Menninger. In particular, Dr. Kessimian also submitted a "Request for Accommodation" form to Defendant on January 31, 2018. See Exhibit A. The accommodations on that form included that "any social interaction or public speaking incident to her role be minimized to the extent possible," "her role not be changed to require any increased

---

[1] To be clear, Plaintiff respectfully maintains that the Court erred in dismissing her claim for failure to engage in an interactive process, and reserves all rights with respect thereto.

public speaking or social interactions," and "[t]o the extent that social interactions and/or public speaking is deemed necessary…a plan be developed for these activities in consultation with [her health care provider]." With respect to the request for "planning," Dr. Kessimian specifically noted that this was being proposed to "minimize [Dr. Menninger's] anxiety and somatic symptoms."

Plainly, these accommodations were "sufficiently requested," such that the jury should be permitted to consider whether Defendant discriminated against Dr. Meninger by failing to accommodate these requests.

But neither Massachusetts nor Federal law requires a disabled employee to make a *perfect* request for accommodation—it need only be "sufficient" to trigger Defendant's obligations under the law. To that end, a reasonable jury could permissibly find that there were other potential accommodations that were "sufficiently" raised by Dr. Menninger so as to trigger Defendant's duty to accommodate.

For example, a jury could reasonably conclude that Dr. Menninger's repeated requests for additional detail concerning Item's 2-4 of Mekerri's February 6, 2018 email was a "sufficient" request for accommodation. Although not articulated as a request for accommodation, given Defendant's knowledge of Dr. Menninger's disability, a jury could find that Defendant was obligated to answer those questions as a means of accommodating Dr. Menninger's disability.

Likewise, the jury could find that conducting a good faith investigation into Dr. Menninger's internal complaints was a reasonable accommodation that had been "sufficiently requested" by Dr. Meninger under the circumstances here. Again, the law does not require that an employee use any magic words in requesting an accommodation. The test requires that the request be "sufficient," not perfect.

Defendant's motion should also be denied to the extent that it seeks to categorically exclude otherwise relevant evidence on the grounds that it might cause prejudice or confusion. Under Fed R. Evid. 403, a balancing test must be utilized to determine whether otherwise relevant evidence should be excluded due to the risk of unfair prejudice or confusion. United States v. Soler-Montalvo, 44 F.4th 1, 16 (1st Cir. 2022). This requires the Court to consider three questions: (1) what is the probative value of the evidence, (2) what is the risk of unfair prejudice or confusion, and (3) does the risk of unfair prejudice or confusion substantially outweigh the probative value? See id. "When conducting the Rule 403 balancing test, courts must heed that the default rule is that relevant evidence will be admitted." Id.

Defendant does not address this analytical framework and, consequently, has not shown that any relevant evidence may be excluded under Rule 403.

## CONCLUSION

For the foregoing reasons, Plaintiff respectfully requests that this motion be denied.

Respectfully submitted,

*/s/ Patrick J. Hannon*
Patrick J. Hannon (BBO #664958)
Hampton M. Watson (BBO #705983)
Hartley Michon Robb Hannon LLP
155 Seaport Boulevard, 2nd Floor
Boston, MA 02210
phannon@hmrhlaw.com
hwatson@hmrhlaw.com
P: (617) 723-8000
Attorneys for Plaintiff

Date: March 14, 2023

**CERTIFICATE OF SERVICE**

I, Patrick J. Hannon, certify that on March 14, 2023, I electronically filed the foregoing document with the Clerk of the Court using the CM/ECF system which will send notification of such filing to Defendant by electronically serving its counsel of record.

/s/ <em>Patrick J. Hannon</em><br>Patrick J. Hannon