UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| LISA MENNINGER,<br><br> Plaintiff,<br><br> v.<br><br>PPD DEVELOPMENT, L.P.,<br><br> Defendant. | Civil Action No. 1:19-cv-11441-LTS |

**PLAINTIFF'S OPPOSITION TO DEFENDANT'S MOTION IN LIMINE TO EXCLUDE EVIDENCE SUPPORTING CLAIMS THAT THE COURT DISMISSED ON DEFENDANT'S MOTION FOR SUMMARY JUDGMENT (DOC. NO. 109)**

  The instant motion does not seek exclusion of any specific piece of evidence. Instead, Defendant seeks to categorically exclude "any evidence relevant to the dismissed claims"—*even if such evidence is relevant to the claims that the Court has found must be decided by the jury.*

  That request is completely nonsensical. While Plaintiff is obviously precluded from offering evidence that is *only relevant* to the claims dismissed at summary judgment, evidence that is relevant to claims that remain in the case cannot be excluded simply because it would have also been relevant to a claim that is not before the jury.

  Under Fed R. Evid. 403, which is the sole basis for Defendant's motion, a balancing test must be utilized to determine whether otherwise relevant evidence should be excluded due to the risk of unfair prejudice or confusion. United States v. Soler-Montalvo, 44 F.4th 1, 16 (1st Cir. 2022). This requires the Court to consider three questions: (1) what is the probative value of the evidence, (2) what is the risk of unfair prejudice or confusion, and (3) does the risk of unfair prejudice or confusion substantially outweigh the probative value? See id. "When conducting the

Rule 403 balancing test, courts must heed that the default rule is that relevant evidence will be admitted." Id.

Defendant's motion completely disregards this analytical framework, and urges the Court to instead adopt a categorical presumption *against* admission. That approach is neither permissible nor warranted based upon the argument presented by Defendant. Even if Defendant was correct that there could be some risk of prejudice arising from the admission of such evidence, Defendant fails to explain how such prejudice would be "unfair," let alone why it would substantially outweigh its probative value.

A single example should suffice. The summary judgment order precludes the jury from finding that Defendant *discriminated* against Dr. Menninger by attempting to coerce her to quit. But the summary judgment order permits the jury to find that Defendant *retaliated* against Dr. Menninger by attempting to coerce her to quit. Accordingly, evidence that Defendant attempted to coerce her to quit is highly probative—indeed, essential—to Dr. Menninger's retaliation claim.

Given the probative value of this evidence, Defendant would have to articulate an extremely compelling risk of unfair prejudice or confusion to succeed under the Rule 403 balancing test. Defendant has not and cannot do so. Nor has Defendant made the requisite showing that any other relevant evidence should be excluded. Accordingly, the motion must be denied.

## **CONCLUSION**

For the foregoing reasons, Plaintiff respectfully requests that this motion be denied.

Respectfully submitted,

*/s/ Patrick J. Hannon*
Patrick J. Hannon (BBO #664958)
Hampton M. Watson (BBO #705983)
Hartley Michon Robb Hannon LLP
155 Seaport Boulevard, 2nd Floor
Boston, MA 02210
phannon@hmrhlaw.com
hwatson@hmrhlaw.com
P: (617) 723-8000
Attorneys for Plaintiff

Date: March 14, 2023

## CERTIFICATE OF SERVICE

I, Patrick J. Hannon, certify that on March 14, 2023, I electronically filed the foregoing document with the Clerk of the Court using the CM/ECF system which will send notification of such filing to Defendant by electronically serving its counsel of record.

/s/ *Patrick J. Hannon*
Patrick J. Hannon