# EXHIBIT 1

UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

LISA MENNINGER,

    Plaintiff,

       v.

PPD DEVELOPMENT, L.P.,

    Defendant.

Civil Action No. 1:19-CV-11441-LTS

## PLAINTIFF LISA MENNINGER'S ANSWERS AND OBJECTIONS TO DEFENDANT'S INTERROGATORIES

Pursuant to Fed. R. Civ. P. 26 and 33, Plaintiff Lisa Menninger ("Plaintiff") submits the following objections and answers to Defendant's Interrogatories.  The following answers and objections are based on information reasonably available to Plaintiff as of the date of this response.  Plaintiff reserves the right, consistent with the applicable Rules, to revise, amend, correct, supplement, modify, or clarify her objections and answers to the Interrogatories as appropriate.

## RESPONSES

### INTERROGATORY NO: 1:

State your full name, birth date, gender, Social Security Number, any other names or aliases that you have used, business address(es), business telephone number(s), residential address(es), residential telephone number(s) and cellular telephone numbers.

**Objection:**    Plaintiff objects to this request insofar as it does not contain a temporal limitation to the requests for Plaintiff's addresses and telephone numbers. As such, the burden imposed by this interrogatory is not proportional to the needs of the case, and the interrogatory seeks

information that is not relevant to any party's claims or defenses; therefore, it exceeds the scope

of discovery permitted under Fed. R. Civ. P. 26.

**Answer:**       Subject to and without waiving the foregoing objections, Plaintiff's name is Lisa

Menninger. Her birth date is Redacted          Her gender is female. Her Social Security Number

is Redacted       Plaintiff does not currently have any business address. Plaintiff's current

residential address is 340 Live Oak Rd. NE, Albuquerque, NM 87122 and her prior residential

address was 8 Waterford Circle, Dighton, MA 02715. Plaintiff does not have a residential phone

number. Plaintiff's cellular telephone number is 913-387-9451.

## INTERROGATORY NO: 2:

List any email address, instant messaging identification name, or screen name that
you have written under or received messages from; the account names to your account
page(s) on any social networking website (such as Facebook, Twitter, etc.); and the
account name(s) to your account page(s) on any professional networking website (such as
LinkedIn, etc.). The information requested in this Interrogatory is not for the purposes of
logging in to any of the identified e-mail or social/professional networking accounts, and
does not seek personally identifying information such as user passwords or account
numbers.

**Objection**:       Plaintiff objects to this request insofar as it does not contain a temporal limitation.

As such, the burden imposed by this interrogatory is not proportional to the needs of the case,

and the interrogatory seeks information that is not relevant to any party's claims or defenses;

therefore, it exceeds the scope of discovery permitted under Fed. R. Civ. P. 26.

**Answer:**       Subject to and without waiving the foregoing objections, Plaintiff has used the

following email addresses for correspondence since August 31, 2015: lisa@vectorforest.com and

lisa@lifeformstudio.com. Plaintiff has had accounts on Facebook, LinkedIn, Twitter, Google and

Instagram.

**INTERROGATORY NO: 3:**

Identify all persons whom you believe have knowledge, information, or documents concerning the allegations in the Complaint, and for each such person (a) describe the knowledge or information concerning the allegations in the Complaint that you believe he or she has, (b) identify the document(s) concerning the allegations in the complaint that he or she has, and (c) state whether written or recorded statements have been taken from each person and, if so, identify all persons who have possession, custody, or control of such statement.

**Objection**:     Plaintiff objects to this interrogatory on the grounds that it is overly broad and that the burden imposed by this interrogatory is not proportional to the needs of the case, and therefore, it exceeds the scope of discovery permitted under Fed. R. Civ. P. 26. Plaintiff further objects to this interrogatory to the extent that it seeks information protected by the attorney-client privilege, work product doctrine, spousal privilege, psychotherapist-patient privilege and/or any other applicable privilege or legal doctrine protecting such information from disclosure ("Privileged Information").

**Answer:** Subject to and without waiving the foregoing objections, Plaintiff states that Plaintiff has not taken written or recorded statements from persons having knowledge, information, or documents upon which Plaintiff may rely in support of her claims. Plaintiff states that the following individuals are likely to have discoverable knowledge, information, or documents upon which Plaintiff may rely in support of her claims:

1. **Lisa Menninger** has knowledge, information, and documents upon which  she may rely in support of her claims, concerning without limitation Plaintiff's employment at PPD Development, Plaintiff's disclosure of her disability and request for a reasonable accommodation, Defendant's failure to accommodate Plaintiff's disability; Defendant's retaliatory actions; Plaintiff's compensation; Plaintiff's disability, symptoms, and emotional distress, Plaintiff's taking of medical leave, and Plaintiff's loss of her job.

2. **Mason Daniel Menninger** is likely to have discoverable knowledge, information or documents upon which Plaintiff may rely in support of her claims, concerning her disability and emotional distress. Plaintiff expressly reserves and does not waive the spousal disqualification and all applicable spousal communications privileges, marital communications privilege or other applicable privilege afforded to spouses. Mr. Menninger may be reached through the undersigned counsel.

3. **Hacene Mekerri** likely has discoverable knowledge, information, or documents upon which Plaintiff may rely to in support of her claims, including, without limitation, her working conditions, responsibilities, performance, the disclosure of her disability, and her request for accommodations. Plaintiff is unaware of Mr. Mekerri's address and telephone number

4. **Chad St. John** likely has discoverable knowledge, information, or documents information upon which Plaintiff may rely in support of her claims concerning, without limitation, her working conditions, responsibilities, performance, the disclosure of her disability, her request for accommodations, and her complaints of harassment and retaliation. Plaintiff is unaware of Mr. St. John's address and telephone number.

5. **Deborah Ballweg**. likely has discoverable knowledge, information, or documents information upon which Plaintiff may rely in support of her claims concerning, without limitation, her working conditions, responsibilities, performance, the disclosure of her disability, her request for accommodations, and her complaints of harassment and retaliation. Plaintiff is unaware of Ms. Ballweg's address and telephone number.

6. **Christopher Fikry** likely has discoverable knowledge, information, or documents information upon which Plaintiff may rely in support of her claims concerning, without limitation, her working conditions, responsibilities, performance, the disclosure of her disability, her request for accommodations, and her complaints of harassment and retaliation. Plaintiff is unaware of Mr. Fikry's address and telephone number.

7. **Chris Clendening** likely has discoverable knowledge, information, or documents information upon which Plaintiff may rely in support of her claims concerning, without limitation, Defendant's practices regarding interviewing and hiring senior level candidates, Mr. Clendening's 2018 merit salary increase and/or bonus, and his job responsibilities. Plaintiff is unaware of Mr. Clendening's address and telephone number.

8. **Marianna I. Kessiman, M.D.** likely has knowledge, information, or documents upon which Plaintiff may rely in support of her claims concerning, without limitation, Plaintiff's disability and request for accommodations and Plaintiff's emotional distress. Dr. Kessiman's last known business address is Hartselle & Associates, 10 Elmgrove Avenue, Providence, RI 02906 and her last known telephone number is 401-267-8850.

9. **Michael J. Everson, M.D.** likely has knowledge, information, or documents upon which Plaintiff may rely in support of her claims concerning, without limitation, Plaintiff's disability and attendant medical treatment. Dr. Everson's last known business address is Psychiatry Associates of Kansas City, PA, 8900 State Line Road Suite 380, Leawood, KS 66206 and his last known telephone number is 913-385-7252.

10. **Alicia Burbano, MD**, likely has knowledge, information, or documents upon which Plaintiff may rely in support of her claims concerning, without limitation, Plaintiff's disability and attendant medical treatment. Dr. Burbano's business address is Sandia Psychiatry, 3900 Juan Tabo Blvd NE, Suite 4, Albuquerque, NM 87111, and her last known telephone number is (505) 298-1010.

Plaintiff further answers that discovery is ongoing, and that she reserves the right to supplement, revise, or otherwise amend this answer as discovery proceeds.

### INTERROGATORY NO: 4:

Identify each person with whom you have communicated about the allegations in your Complaint.

**Objection**:     Plaintiff objects to this interrogatory to the extent that it seeks Privileged Information. Plaintiff further objects to this interrogatory on the grounds that it is overly broad and that the burden imposed by this interrogatory is not proportional to the needs of the case, as it fails to limit its scope to the allegations in the Complaint that are in material dispute, and therefore, it exceeds the scope of discovery permitted under Fed. R. Civ. P. 26.

**Answer:**     Subject to and without waiving the foregoing objections, Plaintiff states that, in addition to her attorneys and members of her family, she has had communications with the following persons about the discrimination and retaliation alleged in the Complaint:  Mr. Mekerri, Mr. St. John, Ms. Ballweg, Dr. Kessiman, Dr. Burbano and various healthcare professionals at Butler Hospital in Providence, RI whose names Plaintiff does not recall.

### INTERROGATORY NO: 5:

For each person identified in response to Interrogatory 4, identify each communication with that person concerning the allegations in your Complaint, including in your answer, without limitation, the date of the communication, the nature of the communication (for example, verbal, e-mail), and a summary of the communication.

**Objection**:     Plaintiff objects to this interrogatory to the extent that it seeks Privileged Information, and in reliance on that objection does not intend to respond as to any communication with undersigned counsel or her spouse. Plaintiff further objects to this interrogatory on the grounds that it is overly broad and that the burden imposed by this interrogatory is not proportional to the needs of the case, particularly as it fails to limit its scope

to the allegations in the Complaint that are in material dispute, and therefore, it exceeds the scope

of discovery permitted under Fed. R. Civ. P. 26.

**Answer:**      Subject to and without waiving the foregoing objections, Plaintiff identifies the

following non-privileged communications about her allegations of discrimination and retaliation.

| Person(s) with whom communicated | Description of Communication |
|---|---|
| Dr. Marianna Kessiman | Discussion of events at PPD and effect thereof on symptoms. Approximately weekly to biweekly appointments beginning January 23, 2018 through March 7, 2019 |
| Dr. Alicia Burbano | Discussion of events at PPD and effect thereof on symptoms. March 19, 2019 to present (appointments were initially every 4-6 weeks and are now about every 3 months or earlier if needed) |
| Hacene Mekerri | Verbal and email communications between late December 2017 to June 2018 concerning potential changes to Plaintiff's job responsibilities, Plaintiff's disability, Plaintiff's requests for accommodation, Defendant's denial of accommodation, and Defendant's discrimination and retaliation. |
| Chad St. John | Verbal and email communications beginning January 15, 2018 through June 3, 2018 concerning Plaintiff's request for accommodation, Defendant's refusal to provide an accommodation, and Defendant's discrimination and retaliation. |
| Deborah Ballweg | Telephonic and email communications in May 2018 concerning Plaintiff's complaints of discrimination and retaliation. |
| Various healthcare providers at Butler Hospital. | Discussion of events at PPD and effect thereof on symptoms. |

## INTERROGATORY NO: 6:

Identify all communications you had with Defendant regarding your alleged
disability, as referenced in the Complaint.

**Objection**:      Plaintiff objects to this interrogatory on the grounds that it is vague, overbroad,

and that the burden imposed by this interrogatory is not proportional to the needs of the case,

particularly due to the use of the undefined term "regarding," and that therefore, it exceeds the scope of discovery permitted under Fed. R. Civ. P. 26.

**Answer**:          Subject to and without waiving the foregoing objections, Plaintiff states that Defendant is already in possession, custody and control of written communications Plaintiff has had with Defendant regarding her disability. In addition to her written communications with Defendant, Plaintiff recalls the following oral communications in which her disability and/or need for accommodation were explicitly referenced:

| Person with whom communicated | Communications |
|---|---|
| Hacene Mekerri | January 15, 2018 (see MENNINGER001144 - 001148)<br>February 5, 2018 (see MENNINGER001152 - 001156)<br>February 28, 2018 (see MENNINGER001162 – 001163) |
| Chad St. John | January 24, 2018 (Mr. St. John briefly brought up Plaintiff's medical condition and made comment about there being different levels in which individuals can be affected by these disorders. Plaintiff and Mr. St. John agreed to discuss medical condition further after forms were submitted)<br>February 16, 2016 (Plaintiff advised Mr. St. John of concerns she had regarding performance review and Mr. Mekerri's actions towards her since disclosure of her disability. Mr. St. John advised Plaintiff to work with Mr. Mekerri and promised to get back to her very soon with respect to her request for accommodation)<br>February 28, 2018 (see MENNINGER001162 – 001163)<br> May 10, 2018 (see MENNINGER001176 – 001184) |
| Deborah Ballweg | May 2, 2018 (Ms. Ballweg stated that she did not have any of Plaintiff's correspondence with Mr. Mekeri or Mr. St. John. Plaintiff forwarded those to her and they then discussed the content. Ms. Ballweg asked Plaintiff about her performance review. Plaintiff explained that Mr. Mekerri had only gone over 360 feedback. Ms. Ballweg assured Plaintiff that she would investigate and advise Plaintiff of the outcome.)<br>May 15, 2018 (see MENNINGER001188)<br>May 22, 2018 (see MENNINGER001192) |

Plaintiff further answers that discovery is ongoing, and that she reserves the right to supplement, revise, or otherwise amend this answer as discovery proceeds.

**INTERROGATORY NO: 7:**

State the factual basis for the allegation in Paragraph 20 of your Complaint that, after you disclosed your alleged disability, Hacene Mekerri "became cold and distant."

**Answer:**        Plaintiff provides the following substantial summary of the factual basis for the allegation based upon the information that is presently available to her:

Prior to disclosure of her disability, Mr. Mekerri communicated with Plaintiff in a warm and collaborative manner. Mr. Mekerri treated Plaintiff like a respected business partner and demonstrated a high level of trust and confidence in her. After Plaintiff disclosed her disability, Mr. Mekerri treated her like a problem – not a business partner. His demeanor was more formal and his tone more harsh. He expressed baseless criticisms of Plaintiff's performance and repeatedly refused to engage with her in a collaborative manner. It was evident from his conduct that he did not want Plaintiff to continue in her role, and that he was trying to drive Plaintiff out.

**INTERROGATORY NO: 8:**

State the factual basis for the allegations in Paragraph 42 of your Complaint that Chad St. John "mischaracterized [your] request for accommodation, misstated the essential functions of [your] job, and twisted the words of [your] physician."

**Objection**:        Plaintiff objects to this interrogatory insofar as it misstates the Complaint by assuming that the Complaint alleges that Mr. St. John took these actions, when in fact the Complaint merely states that a message sent from Mr. St. John's email address made these mischaracterizations. Plaintiff further objects that the April 3, 2018 email from Mr. St. John's email address, Plaintiff's written requests for accommodation, and the written words of Plaintiff's physician speak for themselves.

**Answer:**       Subject to and without waiving the objections set forth above, Plaintiff refers

Defendant to her answer to Interrogatory No. 6, above, and the correspondence concerning

Plaintiff's request for accommodation and Defendant's responses thereto.

### INTERROGATORY NO: 9:

State the factual basis for the allegation in Paragraph 47 of your Complaint that Mr.
Mekerri "progressively cut [you] out from important decision-making that affected [your]
business unit."

**Answer:**       Plaintiff provides the following substantial summary of the factual basis for the

allegation based upon the information that is presently available to her:

Subsequent to disclosure of her disability, Defendant cut Plaintiff out of the decision-making

process for various issues that impacted her role.  Specifically, Plaintiff recalls the following:

- Plaintiff was cut out of the interview process and hiring decision for Patrick Mann, MD
  (pathologist who would report to Plaintiff), even though Plaintiff was onsite in Highland
  Heights, KY at the same time that Patrick Mann was for his in-person interview.

- Plaintiff was cut out of the interview process and hiring decision for Narine K. (non-
  doctoral level scientist hired to manage/direct lab supervisors in US lab). Mr. Mekerri
  also made the decision for Narine to report directly to him with a dotted line to Plaintiff
  even though Plaintiff was the ED for the labs business unit.

- There were also decisions made by Mr. Mekerri and Mr. St. John to give members of
  Plaintiff's lab team a higher percent pay raise and/or bonus without including Plaintiff in
  that decision. In one case they gave a bonus to a supervisor who had a number of
  performance issues.

**INTERROGATORY NO: 10:**

Itemize, by category and amount, all damages that you seek to recover in this Action, including but not limited to the alleged damages set forth in your Complaint, and, for each item claimed as part of your alleged damages:

a. State the factual basis for your contention that Defendants caused such item of alleged damages;

b. State the amount of such damages claimed;

c. Describe the precise manner in which you calculated each item of damages;

d. Identify all documents and other evidence supporting the amounts claimed for each item of damages; and

e. Identify each person who has knowledge concerning the existence, the calculation, or the amount of such damages.

**Objection**:    Plaintiff objects to this interrogatory on the grounds that it is overly broad and unduly burdensome.  Plaintiff further objects to this interrogatory to the extent that it seeks Privileged Information.

**Answer:**    Subject to and without waiving the objections set forth above, Plaintiff answers that she is seeking to recover compensatory and punitive damages, as well costs, attorney's fees and interest.  Plaintiff's compensatory damages consist of (1) lost salary, bonus, benefits and any other financial benefit she would have been entitled to in connection with her employment with Defendant (*i.e.*, stock options, equity, etc.); (2) medical bills, and (3) emotional distress damages, including damages for physical pain and suffering arising from the exacerbation of her underlying medical condition. The essential facts establishing Plaintiff's entitlement to these categories of damages are reflected in the documents produced by Plaintiff.  Plaintiff anticipates that expert testimony will be provided to further elucidate the damages she has suffered as a consequence of Defendant's unlawful conduct.

Plaintiff further answers that discovery is ongoing, and that she reserves the right to supplement, revise, or otherwise amend this answer as discovery proceeds.

**INTERROGATORY NO: 11:**

State the caption, case number, court, and county, state and/or district of any and all lawsuits, causes of action, or claims for compensation, or other claims for monetary damages by

10

you or by anyone against you, including any bankruptcy actions brought by you.

**Objection:**     Plaintiff objects to this interrogatory on the grounds that it seeks irrelevant

information. Plaintiff further objects to this interrogatory on the grounds that it is overbroad and

vague, and because it calls for Plaintiff to speculate and to draw legal conclusions, to the extent it

refers to "claims" or "causes of action" that were never filed in any official proceeding.

### INTERROGATORY NO: 12:

Describe fully all income you have received since the termination of your employment
with Defendant, identifying the sources from which you received income, the amount of such
income, the year in which received, and describe all documentation in your possession that
shows or documents those earnings.

**Objection**:     Plaintiff objects to this interrogatory on the grounds that it is overly broad, unduly

burdensome and seeks information that is not relevant to any claim or defense in this case.

**Answer:**     Subject to and without waiving the objection set forth above, Plaintiff answers

that she has received Social Security Disability Insurance Benefits and UNUM disability benefits

(PPD employer based – ended November 2019). By way of further response, Plaintiff will

produce documents sufficient to identify the amount of all such benefits received to date.

### INTERROGATORY NO: 13:

State by name, address, and telephone number(s), all employers, including temporary
agencies, with which you have applied for employment since the termination of your
employment with Defendant, and for each such place, also state:
    (a) The date(s) on which you applied;
    (b) How you applied (for example, in person, by telephone, or by written application or
        other written or electronic document);
    (c) The position(s) for which you applied;
    (d) The name(s) and job title(s) of any person(s) with whom you discussed the job; and
    (e) Whether you received an offer of employment and, if so:
        1) Describe the position and wage offered;
        2) State the name and job title of the person who made the offer;
        3) State whether you accepted or rejected the offer; and
        4) If you rejected the offer, state why you did so.

**Answer:**     Plaintiff has not applied for any employment since the termination of her

employment with Defendant.

11

**INTERROGATORY NO: 14:**

Please state whether you have been limited in your ability to work for any length of time since the end of your employment with PPD. If so, and for each period of time, state the dates when you could not work or you were partially restricted from working, and describe the nature of and the reasons for the limitations(s) that precluded or restricted you from working.

**Answer:**      Plaintiff has been unable to work since approximately June 3, 2018 due to

Defendant's unlawful conduct, which greatly exacerbated her disability and resulted in Plaintiff

developing post-traumatic stress disorder.  By way of further response, Plaintiff refers to the

documents produced in response to Defendant's requests for production concerning her inability

to work and the severity of her medical condition.

**INTERROGATORY NO: 15:**

Please provide the names and addresses of any physicians, psychiatrists, psychologists, social workers, or other medical professionals from whom you received treatment or whom you have consulted from 2010 to the present.

**Objection**:      Plaintiff objects to this interrogatory on the grounds that it is overly broad,

unduly burdensome and seeks information that is not relevant to any claim or defense in this

case, particularly to the extent it seeks information about consultations Plaintiff may have had

with medical professionals concerning the health of other persons or for health conditions

unrelated to the present dispute. Plaintiff further objects to this interrogatory to the extent that it

seeks Privileged Information.

**Answer**:      Subject to and without waiving the objections set forth above, Plaintiff has

received treatment from the following physicians for issues relating to her disability and/or the

harm caused by Defendants' unlawful conduct:

Michael Everson, MD - Psychiatry Associates of Kansas City

Marianna Kessimian, MD - Psychiatrist in Providence, RI

Alicia Burbano, MD - Sandia Psychiatry, Albuquerque, NM

Various healthcare providers at Butler Hospital (Providence, RI) whose names Plaintiff does not recall.

**INTERROGATORY NO: 16:**

State whether you have applied for or received any benefits from the Social Security Administration when you made such application or received such benefits.

**Answer:**    Plaintiff refers to her answer to Interrogatory Number 12 above. Plaintiff further states that she applied for benefits through GENEX Services representative (client of UNUM) in December 2018 and received notice of approval for SSDI in January 2019 with retroactive payment starting from December 2018.

**INTERROGATORY NO: 17:**

State whether you have participated in any organized races (running or otherwise) since January 1, 2017. If your answer is in the affirmative, please provide the date, location, and approximate number of participants in each race.

**Objection:**    Plaintiff objects to this interrogatory on the grounds that it is vague and confusing, and the information sought is not relevant to any party's claims or defenses and, therefore, exceeds the scope of discovery permitted under Fed. R. Civ. P. 26.

**Answer:** Subject to and without waiving the objections set forth above, Plaintiff states that she has participated in the following "organized races"—as she understands that term—since January 1, 2017:

1.  Anchor Down Ultra – 24 hour race in Bristol, RI, August 18, 2017.

2.  Urban Trail Mechelen 10K – Mechelen, Belgium, December 9, 2017.

3.  Anchor Down Ultra – 24 hour race in Bristol, RI, August 17, 2018.

4.  Javelina Hundred 100K – Fountain Hills, AZ, October 27, 2018.

5.  The Bear Chase 50 Miler – Lakewood, CO, September 28, 2019.

6.  Javelina Hundred 100 Miler – Fountain Hills, AZ, October 26, 2019.

13

As to objections:


Patrick J. Hannon (BBO# 664958)
Hartley Michon Robb, LLP
155 Seaport Blvd., 2nd Floor
Boston, MA 02210
P: (617) 723-8000
F: (617) 447-2800
phannon@hartleymichonrobb.com


Signed and sworn under the pains and penalties of perjury this 2nd day of March 2020.


Lisa Menninger

14

## CERTIFICATE OF SERVICE

    I, Patrick J. Hannon, counsel for Plaintiff, Lisa Menninger, hereby certify that on March

2, 2020, I caused a copy of the within document to be served by email upon counsel of record.

 

                              Patrick J. Hannon