UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| LISA MENNINGER,<br><br>    Plaintiff,<br><br>    v.<br><br>PPD DEVELOPMENT, L.P.,<br><br>    Defendant. | Civil Action No. 1:19-cv-11441-LTS |

**PLAINTIFF'S OPPOSITION TO DEFENDANT'S MOTION IN LIMINE TO EXCLUDE EVIDENCE OF PURPORTED "STRAY REMARKS" (DOC. NO. 108)**

"A 'stray remark' is a statement that, while on its face appears to suggest bias, is not temporally or causally connected to the challenged employment decision and thus not probative of discriminatory animus." Ahmed v. Massachusetts Bay Transportation Auth., No. 18-CV-10847-ADB, 2020 WL 5260135, at *10 (D. Mass. Sept. 3, 2020). The evidence that Defendant seeks to exclude here does not meet this definition in any respect.

Dr. Fikry was Mr. Hacene's direct supervisor. Ex. A. On February 7, 2018 Dr. Fikry received an email from Mr. St. John providing a thorough update on the status of Dr. Menninger's request for accommodation. Ex. B. Among other things, the email explained:



This was just three weeks before the infamous meeting in which Mr. Mekerri and Mr. St. John first attempted to coerce Dr. Menninger to resign.

While Defendant denies that any such "coercion" took place, and that there was no desire within PPD to force Dr. Menninger out, the evidence that Defendant now desperately seeks to exclude suggests otherwise. On April 11, 2018, Dr. Fikry emailed PPD's head of HR—Deborah Ballweg and St. John's boss—inquiring "Whats timing on Lisa Meninger's exit?"

Importantly, the response from PPD's HR was not "what are you talking about?" or "there is no plan for her to exit." Instead, Mr. St. John provided the following answer: ▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬" Ex. C.

And they *all* knew the plan. As reflected in Exhibit D, Deborah Ballweg—the eventual "investigator" of Dr. Meninger's internal complaint—was aware of it too.

Against this backdrop, the evidence at issue is clearly not "stray remarks." See Adams v. Schneider Elec. USA, 101 Mass. App. Ct. 516, 529, review granted, 490 Mass. 1108, 197 N.E.3d 862 (2022) ("Statements made by those who have power to make employment decisions…are not stray remarks."). Nor is it irrelevant. The evidence is probative of the fact that PPD wanted to force Dr. Menninger out of her role, and further demonstrates the wide range of individuals who knew of and participated in the scheme.

Defendant's alternative argument, that the evidence should be excluded under Rule 403, likewise fails. There is no risk of prejudice or confusion—undue or otherwise. Moreover, even if there were a risk of undue prejudice or confusion, Defendant has not and cannot show that such risk substantially outweighs the probative value of this evidence. See United States v. Soler-Montalvo, 44 F.4th 1, 16 (1st Cir. 2022).

## CONCLUSION

For all of the foregoing reasons, Plaintiff respectfully requests that the instant motion be denied.

Respectfully submitted,

*/s/ Patrick J. Hannon*
Patrick J. Hannon (BBO #664958)
Hampton M. Watson (BBO #705983)
Hartley Michon Robb Hannon LLP
155 Seaport Boulevard, 2nd Floor
Boston, MA 02210
phannon@hmrhlaw.com
hwatson@hmrhlaw.com
P: (617) 723-8000
Attorneys for Plaintiff

Date: March 14, 2023

## CERTIFICATE OF SERVICE

I, Patrick J. Hannon, certify that on March 14, 2023, I electronically filed the foregoing document with the Clerk of the Court using the CM/ECF system which will send notification of such filing to Defendant by electronically serving its counsel of record.

/s/ *Patrick J. Hannon*
Patrick J. Hannon