UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| LISA MENNINGER, | ) |
| Plaintiff, | ) |
| v. | ) Civil No. 19-11441-LTS |
| PPD DEVELOPMENT, L.P., | ) |
| Defendant. | ) |

ORDER ON MOTIONS IN LIMINE

March 17, 2023

SOROKIN, J.

    After hearing counsel at the Final Pretrial Conference and review of the papers, the Court resolves the still pending motions in limine as follows.

    The Motion to Exclude Unrequested Accommodations (Doc. No. 99) is DENIED WITHOUT PREJUDICE. Only reasonable accommodations sufficiently requested can be considered as possible reasonable accommodations, a point made by the Court on summary judgment, Doc. No. 81 at 11 n.11, and on which all parties agree. Whether either of the following two matters constitute sufficiently requested reasonable accommodations, to the extent this is an evidentiary matter for the Court, will be resolved during the trial: evidence of "repeated requests" for more detail regarding items 2-4 of Mekerri's February 6, 2018 email or the request for an investigation into complaints.

    The Motion to Exclude Compensation Data of Other Employees (Doc. No. 101) is DENIED AS MOOT as to the salaries of others as Plaintiff is not offering that evidence and

DENIED WITHOUT PREJUDICE as to the percent increases, bonuses, and equity compensation, to the extent otherwise relevant and with sufficient connection and foundation.

The Motion to Exclude Documents Produced on February 24, 2023 (Doc. No. 103) is ALLOWED. Initially, Plaintiff did not disclose she was seeking the value of her stock options or equity as a damage. At that time, Defendant was a private entity and any such damage claim would have required discovery as well as, likely, an expert opining on valuation. Later, Plaintiff disclosed in response to an interrogatory answer that she was seeking as damages "stock options [and] equity." Doc. No. 125-1 at 11. This disclosure was made on March 2, 2020. Id. at 15–16. Though requested by the interrogatory and required by Rule 26, Plaintiff did not then or later provide a computation of damages. Defendant's parent company went public on February 6, 2020. Doc. No. 125 at 4. Defendant's parent was later acquired on December 8, 2021 by another public company which purchased all outstanding shares of stock as well as all employee options. Id. at 4–5. Plaintiff's damages expert rendered his report on October 22, 2020, Doc. No. 104-1 at 28, i.e., well after Defendant became a publicly traded company. This report specifically did not render an opinion on the value of Plaintiff's stock options or equity because the expert was not asked to render an opinion on that issue. See Doc. No. 104-1 at 29 n.1. At no time including up to the present did Plaintiff disclose a computation of damages as to the stock options or equity or update the expert disclosure.

On February 24, 2023 Plaintiff disclosed a packet entitled "Equity Incentive Plan" dated August 24, 2017 ("P101") and 13 SEC filings filed by Defendant's corporate parents, PPD, Inc. and Thermo Fisher Scientific, Inc. Doc. No. 125 at 3–4. Plaintiff does not argue that the production of P101 was timely, and Plaintiff explains the failure to disclose P101 earlier as "inadvertent[]." Id. at 8. Plaintiff argues that she disclosed the SEC documents timely based on

2

the Court's Rule 26(a) deadline for pretrial disclosure. Id. at 10. The Court finds that both sets of documents are produced late, as they were not produced within 30 days after service of PPD's Requests (or within "another reasonable time specified in the response" to the Requests) as required by Rule 34(b), and they were not timely produced as supplemental disclosures or responses as required by Rule 26(e). Under Rule 37(c), "[i]f a party fails to provide information or identify a witness as required by Rule 26(a) or (e), the party is not allowed to use that information . . . at a trial, unless the failure was substantially justified or is harmless." Fed. R. Civ. P. 37(c). Insofar as Plaintiff contends that the disclosure was timely because she "did not delay in producing the documents after identifying them as something she might use to support her claims at trial," Doc. No. 125 at 10 n.8, she is incorrect. Plaintiff cannot disclose her intent to seek a category of damages (here, stock options and equity), fail to produce a computation of these damages, decline to offer an expert report on the topic, and then, shortly before trial, decide to develop the issue by obtaining and then producing the documents. Under these circumstances, the failure to timely produce these documents was not substantially justified because they were available well before the ultimate production on February 24, 2023, shortly before the scheduled start of trial. The failure to timely produce was also not harmless, because the lateness of the disclosure denied Defendant a reasonable opportunity to investigate. For these reasons, the Court ALLOWS the Motion.

  The Motion to Exclude Evidence of Dismissed Claims (Doc. No. 109) is DENIED WITHOUT PREJUDICE.

  The Motion to Exclude the Voluntary Self-Identification of Disability Form (Doc. No. 113) is ALLOWED. The form is not relevant generally, as Dr. Menninger concedes she did not disclose her disability prior to January, 2018 and Plaintiff does not claim that Defendant

otherwise knew of her disability or regarded her as disabled prior to her disclosure. In addition, the form permits employees to "self-identify" as having a disability (i.e., a subjective report of whether one has a disability) based on a definition of disability that does not mirror the legal definition applicable to Plaintiff's claims. Doc. No. 115-1 at 3. The given illustrative examples of disabilities on the form do not include Plaintiff's alleged disabilities. Id. In contrast, at issue in this case is whether Plaintiff qualifies as disabled under the broad definition of disability under federal and state law measured objectively rather than based upon Dr. Menninger's subjective assessment. Thus, the form is not relevant to whether she had a disability under the law during the time period at issue in this case. As for credibility, the significance in light of the foregoing is minimal and inquiry invites confusion of the issues and a mini-trial over the meaning of and understanding of the form. Thus, to the extent the form has any bearing on credibility it is excluded under Rule 403, given the foregoing and the significant danger of unfair prejudice as well.

The Motion to Preclude Defendant's Medical Expert Testimony on Matters Not Disclosed in Original Report (Doc. No. 116) is DENIED WITHOUT PREJUDICE to renewal at trial. The Court suggests defense counsel ought to lay a proper foundation as to the challenged portion of the supplemental report before eliciting that portion of the opinion/"basis for opinion."

SO ORDERED.

/s/ Leo T. Sorokin  
Leo T. Sorokin  
United States District Judge