UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| LISA MENNINGER,<br><br>    Plaintiff,<br><br>    v.<br><br>PPD DEVELOPMENT, L.P.,<br><br>    Defendant. | Civil Action No: 1:19-CV-11441-LTS |

**PLAINTIFF'S SUPPLEMENTAL PROPOSED JURY INSTRUCTION**

During the Final Pretrial Conference, the Court inquired as to the potential need for any separate instructions to the jury on issues that may be different as between Massachusetts law and federal law.

In response to the Court's inquiry, Plaintiff respectfully proposes that separate instructions be given to the jury on the element of causation. In support, Plaintiff notes that Defendant's proposed instructions incorporate the federal "but for" standard of causation, whereas the Massachusetts standard is "determinative cause." This Court gave separate instructions on the elements of retaliation as between federal and Massachusetts law, which included this distinction, in Gavin v. City of Boston, No. 1:18-cv-10819-LTS (D. Mass.) (Charge to the Jury, ECF Doc. No. 253) (filed Nov. 12, 2021).

Accordingly, Plaintiff proposes the following instruction, adapted from this Court's final charges in Gavin:

**SUPPLEMENTAL INSTRUCTION NO. 1.**

Dr. Menninger brings each of her claims under both federal law and Massachusetts law. I will now I will instruct you on a distinction between federal and Massachusetts law on the element of causation.

Dr. Menninger's disability discrimination claims include a claim that PPD engaged in adverse actions against her, affecting the conditions of her employment, because of her disability.

For this claim, under federal law, you must decide whether Dr. Menninger's disability was a but-for cause for the adverse actions you find.[1] To prove that her disability was a but-for cause, Dr. Menninger does not have to prove that disability was the only reason for the adverse actions. It is enough if Dr. Menninger proves by a preponderance of the evidence that if not for her disability, the alleged adverse actions would not have occurred.

Under Massachusetts law you must decide whether Dr. Menninger's disability was a "determinative cause" of the adverse action(s). Dr. Menninger's disability was a "determinative" cause if it contributed significantly to the adverse actions, that is, that it was a material and important reason for the adverse action(s).[2]

Dr. Menninger also brings a retaliation claim in which she asserts that PPD retaliated against her in response to her protected conduct of requesting an accommodation for her disability.

For this claim, under federal law, you must decide whether Dr. Menninger's protected conduct was a but-for cause for the adverse actions you find. To prove that her protected conduct was a but-for cause, Dr. Menninger does not have to prove that protected conduct was the only reason for the adverse actions. It is enough if Dr. Menninger proves by a preponderance of the evidence that if not for her protected conduct, the alleged adverse actions would not have occurred.

Under Massachusetts law you must decide whether Dr. Menninger's protected conduct was a "determinative cause" of the adverse action(s). Dr. Menninger's protected conduct was a "determinative" cause if it contributed significantly to the adverse actions, that is, that it was a material and important reason for the adverse action(s).

      Respectfully submitted,
      LISA MENNINGER
      By her attorneys,

      */s/ Hampton M. Watson*
      Patrick J. Hannon (BBO #664958)
      Hampton M. Watson (BBO #705983)
      Hartley Michon Robb Hannon LLP
      155 Seaport Boulevard, 2nd Floor
      Boston, MA 02210
      phannon@hmrhlaw.com
      hwatson@hmrhlaw.com

---

[1] See Palmquist v. Shinseki, 689 F.3d 66, 77 (1st Cir. 2012).

[2] Lipchitz v. Raytheon Co., 434 Mass. 493, 506 & n.19 (2001).

P: (617) 723-8000
Attorneys for Plaintiff

## CERTIFICATE OF SERVICE

I, Hampton M. Watson, counsel for Plaintiff, hereby certify that on March 20, 2023, I caused a copy of the within document to be filed using the Court's CM/ECF system, which will send notification of such filing electronically to all registered participants.

*/s/   Hampton M. Watson*
Hampton M. Watson