UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| LISA MENNINGER,<br><br>    Plaintiff,<br><br>        v.<br><br>PPD DEVELOPMENT, L.P.,<br><br>    Defendant. | Civil Action No. 1:19-CV-11441-LTS |

**PLAINTIFF LISA MENNINGER'S
APPLICATION FOR AWARD OF ATTORNEY'S FEES AND COSTS**

In accordance with the jury verdict returned on March 31, 2023, Plaintiff hereby requests that she be awarded reasonable attorney's fees in the amount of $544,477 and costs in the amount of $103,329.45. In support of this request, Plaintiff submits the accompanying Affidavit of Patrick J. Hannon ("Hanon Affidavit"), along with the exhibits thereto.

As the Court knows, the relevant analysis here begins with determining "the number of hours reasonably expended on the litigation multiplied by a reasonable hourly rate." Hensley v. Eckerhart, 461 U.S. 424, 437 (1983). The court must then consider whether to "adjust the fee upward or downward," based upon a variety of factors. Id. Those factors include:

> (1) the time and labor required; (2) the novelty and difficulty of the questions; (3) the skill requisite to perform the legal service properly; (4) the preclusion of employment by the attorney due to acceptance of the case; (5) the customary fee; (6) whether the fee is fixed or contingent; (7) time limitations imposed by the client or the circumstances; (8) the amount involved and the results obtained; (9) the experience, reputation, and ability of the attorneys; (10) the 'undesirability' of the case; (11) the nature and length of the professional relationship with the client; and (12) awards in similar cases.

Diaz v. Jiten Hotel Mgmt., Inc., 741 F.3d 170, 177 n.7 (1st Cir. 2013).

For the reasons set forth in the Hannon Affidavit, the "lodestar" approach yields a reasonable fee of $544,477. Further, the above-referenced factors militate strongly in favor of an upward adjustment based upon, among other things "the customary fee" in multi-year litigation such as this (where fees quite often exceed $1 million), the "contingent" nature of the fee, the "amount involved and results obtained," and "awards in similar cases."

To be clear, Plaintiff does not contend that her counsel was perfect, or that a keen eye could not identify areas in which counsel could, in retrospect, have performed better or more efficiently. But the applicable standard here is one of reasonableness, not perfection, and Plaintiff respectfully submits that the fees and costs set forth in the Hannon Affidavit are—in the broad context of this dispute and in light of the results achieved—reasonable.

**WHEREFORE**, Plaintiff respectfully requests that this application be granted, and that she be awarded fees in the amount of $544,477 and costs in the amount of $103,329.45.

                              Respectfully submitted,
                              **Lisa Menninger**,
                              By her attorneys,

                               _/s/ Patrick J. Hannon_
                              Patrick J. Hannon (BBO #664958)
                              Hampton M. Watson (BBO #705983)
                              Hartley Michon Robb Hannon LLP
                              155 Seaport Boulevard, 2nd Floor
                              Boston, MA 02210
                              phannon@hmrhlaw.com
                              hwatson@hmrhlaw.com
                              p: (617) 723-8000

                              *Attorneys for Plaintiff*

Dated:  April 13, 2023

## LOCAL RULE 7.1 CERTIFICATION

I, Patrick J. Hannon, certify that I have conferred with opposing counsel in a good faith effort to narrow the issues set forth in this motion.

                                                    */s/ Patrick J. Hannon*
                                                        Patrick J. Hannon

## CERTIFICATE OF SERVICE

I, Patrick J. Hannon, certify that on April 13, 2023, I electronically filed the foregoing document with the Clerk of the Court using the CM/ECF system which will send notification of such filing to Defendant by electronically serving its counsel of record.

                                                      */s/ Patrick J. Hannon*
                                                        Patrick J. Hannon