UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| LISA MENNINGER,<br><br>    Plaintiff,<br><br>v.<br><br>PPD DEVELOPMENT, L.P.,<br><br>    Defendant. | Civil Action No.  1:19-CV-11441-LTS |

**DEFENDANT'S OPPOSITION TO
PLAINTIFF'S APPLICATION FOR FEES AND COSTS**

Defendant PPD Development, L.P. ("PPD" or "Defendant"), by and through its undersigned counsel, hereby opposes Plaintiff Lisa Menninger's ("Plaintiff") Application for Award of Attorney's Fees and Costs filed with this Court on April 13, 2023.  For the reasons set forth below, Defendant objects to an award to Plaintiff of any fees or costs in this matter at this time.

Under the Americans with Disabilities Act and Massachusetts General Laws chapter 151B, a prevailing party may be awarded reasonable attorneys' fees and costs.  *Suárez-Torres v. Panaderia Y Reposteria España, Inc.*, 988 F.3d 542, 551 (1st Cir. 2021); *see also E.E.O.C. v. AutoZone, Inc.*, 934 F. Supp. 2d 342, 347 (D. Mass. 2013).  While Plaintiff received a favorable verdict on her claims of discrimination and retaliation at trial, that verdict is not grounded in a sufficient evidentiary basis to support those findings.  Indeed, as will be more fully developed in PPD's post-trial motions, both the insufficiency of the evidence as a matter of law, and the plainly excessive nature of the damages award, compel that the verdict be overturned and/or that PPD be

granted a new trial. And because PPD plans to file post-trial motions in this matter, the proceedings in the case have not yet concluded, and any award of attorneys' fees and costs would be premature.

As the Court itself found in its Summary Judgment Order, PPD presented Plaintiff with a legitimate, nondiscriminatory reason for needing each of its senior directors, not just Plaintiff, to renew their focus on client outreach and business development; and PPD did so prior to any knowledge of Plaintiff's disability. Order at 3. Also undisputed is the fact that, when Plaintiff requested five accommodations in response, PPD immediately granted two, provided an explanation for its inability to grant the other three, and asked whether any alternative accommodations might help Plaintiff perform her job functions. *Id*. at 5–6. Those discussions were put on hold by *Plaintiff*, who requested they be tabled indefinitely. *Id.* at 6. Plaintiff does not contend, and the record does not suggest, that PPD ever required Plaintiff to perform tasks she felt unable to perform, and PPD did not end Plaintiff's employment until after she had expressed no intention of returning to work while on an *eight-month* medical leave. *Id.* at 7.

As a matter of law, this undisputed evidence clearly shows that Plaintiff was not capable of performing her essential job functions with (or without) reasonable accommodations. Plaintiff's own proffered evidence shows that *prior to her informing PPD of her disability*, PPD expressed the need for all of its senior directors, including Plaintiff, to renew their focus on client communication and business development; and that, subsequently, Plaintiff's psychiatrist confirmed that "*any* changes to [Plaintiff's] role that increase the need for public speaking and/or social interactions . . . would make it substantially more difficult, if not impossible, for [her] to perform her job." Doc. No. 66-22 at 4 (emphasis added). Plaintiff's suggestion was that PPD hire another employee to do those essential tasks on Plaintiff's behalf. Notwithstanding Plaintiff's

attempt to characterize that as providing a "reader" for her, hiring a second, substitute employee to take Plaintiff's place is not within the scope of what the law requires. And, based on her own physician's characterization, no accommodation—reasonable, fanciful, or otherwise—would enable Plaintiff to do her job without incurring *some* increase in social interaction or public speaking, thus unacceptably exacerbating her disability.

What is more, any finding that Plaintiff was capable of performing her essential job functions is irreconcilable with the jury's own determination that Plaintiff can never work again. Under even the most generous interpretation, the evidence in this case cannot reasonably support a finding that *PPD's actions*—giving her a list of public-facing roles to be performed—turned an individual otherwise capable of serving for thirteen more years as an executive director of a global network of medical laboratories, into an invalid incapable of any gainful employment for the rest of her working years. Under the undisputed facts of this case, Plaintiff's discrimination claim should never have gone before the jury.

Nor should the jury have ever been instructed on punitive damages, which *no* record evidence supports. Indeed, the Court itself expressed considerable hesitation prior to issuing the instruction on punitive damages, and noted it would overrule such an award where there is no genuinely "outrageous" conduct, which there was not. *See* Trial Tr., Day 9 at 172; *id.* at 171–73.

Finally, because Plaintiff's discrimination and retaliation claims were tried together and the discrimination claim was allowed improperly to go to the jury, it is undeniable that the retaliation claim was improperly tainted by the error in sending the discrimination claim to the jury and, therefore, must be retried as a matter of law.

For all these reasons, PPD requests that the Court deny Plaintiff's Application, and consider any petition for fees and costs at the conclusion of post-trial motion practice or any retrial that is ordered.

WHEREFORE, Defendant respectfully requests that the Court deny Plaintiff's Application for Award of Attorney's Fees and Costs.

                PPD DEVELOPMENT, L.P.

                By its attorneys,

*/s/ Rachel Reingold Mandel*
Rachel Reingold Mandel (BBO #660495)
Patrick M. Curran, Jr. (BBO #659322)
OGLETREE, DEAKINS, NASH, SMOAK & STEWART, P.C.
One Boston Place, Suite 3500
Boston, MA 02108
Telephone: (617) 994-5700
Facsimile:  (617) 994-5701
rachel.mandel@ogletree.com
patrick.curran@ogletree.com

Dated: May 8, 2023

**CERTIFICATE OF SERVICE**

  I hereby certify that the within document filed through the CM/ECF system will be sent electronically to the registered participants as identified on the Notice of Electronic Filing on May 8, 2023.

                  */s/ Rachel Reingold Mandel*
                  Rachel Reingold Mandel