UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| LISA MENNINGER, )<br>)<br>Plaintiff, )<br>)<br>v. )<br>)<br>PPD DEVELOPMENT, L.P., )<br>)<br>Defendant. )<br>) | Civil No. 19-11441-LTS |

ORDER ON PLAINTIFF'S APPLICATION FOR
AWARD OF ATTORNEY'S FEES AND COSTS (DOC. NO. 164)

May 12, 2023

SOROKIN, J.

Plaintiff Lisa Menninger's complaint in this action includes four claims: (1) disability discrimination in violation of the Americans with Disabilities Act ("ADA"); (2) retaliation in violation of the ADA; (3) disability discrimination in violation of Chapter 151B of the Massachusetts General Laws; and (4) retaliation in violation of Chapter 151B. Doc. No. 1. Although the Court dismissed some of Menninger's theories of liability asserted within some of the claims in its Order on Defendant's Motion for Summary Judgment, Doc. No. 81, it did not dismiss any of the claims in their entirety. Id. All four claims went to the jury following a two-week trial.

At the close of Menninger's evidence, PPD moved for judgment as a matter of law.[1] Doc. No. 159 at 50. The Court denied that motion. Id. PPD then presented its own evidence in the

---

[1] Counsel for PPD used the older term for this motion, "directed verdict," Doc. No. 159 at 50, a distinction without a difference.

form of an expert witness, Dr. Martin Kelly. Id. at 53–107. PPD then rested, however, PPD did not move again for judgment as a matter of law at the close of all the evidence (i.e., after it rested as there was no rebuttal evidence), before the case went to the jury. Id. at 107–08; Doc. No. 160. On March 31, 2023, the jury returned a verdict in Menninger's favor on all claims. Doc. No. 149. Specifically, the jury found that under both state and federal law,[2] Menninger proved by a preponderance of the evidence that PPD unlawfully discriminated against her (under both her failure to provide reasonable accommodation and disparate treatment/adverse employment action theories of liability), and that PPD unlawfully retaliated against her. Id. at 1–2. They awarded Menninger $1,565,000 for back pay, $5,465,000 for front pay, $5,000,000 for past emotional distress, $2,000,000 for future emotional distress, and $10,000,000 in punitive damages, for a combined damages total of $24,030,000. Id. at 3–5.

After the conclusion of the trial, on April 13, 2023, Menninger filed an application for an award of $544,477 in attorney's fees and $103,329.45 in costs. Doc. No. 164. PPD filed an opposition to this Motion that raises no objections to the reasonableness or accuracy of the calculation approach, rates charged, or amounts of the fees and costs requested by Menninger. Doc. No. 168. Instead, PPD's opposition asserts various reasons for which the jury verdict should be overturned. Id. However, there is not currently any motion seeking to overturn the verdict pending before the Court, no party has proposed a briefing schedule for any post-trial motion(s), and the arguments presented in PPD's opposition are not relevant to whether the amount of the fees and costs requested are reasonable or should be adjusted in any way. If PPD

---

[2] The parties agreed in advance of the jury charge that, with the exception of the separate federal and state law causation standards for the disparate treatment discrimination and retaliation claims, the Court could combine the corresponding state and federal claims in the jury instructions and verdict form, and the jury's answers on the combined questions would resolve both the state and federal claims.

2

prevails in setting aside the judgment, then, of course, the award of attorney's fees and costs will fall. But the issue before the Court at present is Menninger's application for fees and costs based on the jury verdict that currently stands.

The Court has considered the reasonableness of the fee award requested by Menninger under the "lodestar" method applied in the First Circuit. See, e.g., Pineda v. Skinner Servs., Inc., No. CV 16-12217-FDS, 2021 WL 5882596, at *2–5 (D. Mass. Dec. 13, 2021) (describing and applying the "lodestar method"); Hutchinson ex rel. Julien v. Patrick, 636 F.3d 1, 13–18 (1st Cir. 2011) (same); Gavin v. City of Bos., No. CV 18-10819-LTS, 2022 WL 847409, at *8–11 (D. Mass. Mar. 22, 2022) (same). Under that analysis, on the present record, the Court holds that the $544,477 in attorney's fees and $103,329.45 in costs calculated and requested by Menninger and her attorney, Doc. Nos. 164, 165, are reasonable and need not be adjusted upward or downward by the Court. The Court notes that counsel for the Plaintiff was (1) efficient during the pretrial and trial phases of the case; (2) exceptionally effective in all aspects of his presentation at trial, and (3) thoughtful in his approach, demonstrating a keen understanding of the law, the facts, and their interconnections. Judgment shall enter, including an award of $544,477 in attorney's fees and $103,329.45 in costs.

SO ORDERED.

  /s/ Leo T. Sorokin
Leo T. Sorokin
United States District Judge