UNITED STATES DISTRICT COURT

DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| LISA MENNINGER,<br><br>      Plaintiff,<br><br>v.<br><br>PPD DEVELOPMENT, L.P.,<br><br>      Defendant. | Civil Action No.  1:19-CV-11441-LTS |

# DEFENDANT'S MOTION FOR A NEW TRIAL, OR IN THE ALTERNATIVE, REMITTITUR

Pursuant to 59(a) of the Federal Rules of Civil Procedure, defendant PPD Development, L.P. ("Defendant") moves for a new trial on the claims brought by plaintiff Lisa Menninger ("Plaintiff"), including Count I (disability discrimination and retaliation under the Americans with Disabilities Act ("ADA")), and Count II (disability discrimination and retaliation under M.G.L. c. 151B).  In the alternative, Defendant moves, under Rule 59(e), for remittitur of the $24,030,000 judgment entered against it, which included $1,565,000 in back pay, $5,465,000 in front pay, $7,000,000 for emotional distress, and $10,000,000 in punitive damages.  In support of this Motion for a New Trial or in the Alternative, Remittitur, Defendant relies on its accompanying Memorandum of Law, and states as follows:

  1.  The Court should order a new trial on Plaintiff's discrimination and retaliation claims because the jury's award of $1,565,000 in back pay is excessive and unsupported by the evidence at trial.

  2.  The Court should order a new trial on Plaintiff's discrimination and retaliation claims because the jury's award of $5,465,000 in front pay is excessive, unsupported by the

evidence at trial, and untenable in light of the jury's finding that Plaintiff was a "qualified handicapped person" or a "qualified individual" subject to the protections of the anti-discrimination laws.

3. The Court should order a new trial on Plaintiff's discrimination and retaliation claims because the jury's award of $5,000,000 for past emotional distress and $2,000,000 for future emotional distress is excessive and legally deficient, as the award is not causally linked with unlawful discriminatory conduct of Defendant.

4. The Court should order a new trial on Plaintiff's discrimination and retaliation claims due to misleading and prejudicial instructional errors that tainted the jury's verdict.

5. In the alternative, the Court should order a new trial on Plaintiff's retaliation claims because Plaintiff's legally deficient discrimination claims tainted the jury's verdict.

6. In the alternative, the Court should remit the jury's verdict because the damages award is grossly excessive and "fails to exhibit a 'rational appraisal or estimate of the damages that could be based on the evidence before the jury.'" *First Act, Inc. v. Brook Mays Music Co.*, 429 F. Supp. 2d 429, 437 (D. Mass. 2006) (citations omitted).

WHEREFORE, Defendant respectfully requests that the Court grant its motion for a new trial or in the alternative, remittitur, and that the Court grant any such other and further relief as it may deem just and proper.

Respectfully submitted,

OGLETREE, DEAKINS, NASH, SMOAK & STEWART, P.C.

/s/ *Rachel Reingold Mandel*
Rachel R. Mandel (BBO# 660495)
Patrick M. Curran (BBO# 659322)
OGLETREE, DEAKINS, NASH, SMOAK & STEWART, P.C.
One Boston Place, Suite 3500
Boston, MA 02108
Telephone: (617) 994-5700
Facsimile:  (617) 994-5701

Jack S. Sholkoff (admitted *pro hac vice*)
Catherine L. Brackett (admitted *pro hac vice*)
OGLETREE, DEAKINS, NASH, SMOAK & STEWART, P.C.
400 S. Hope Street
12th Floor
Los Angeles, CA 90071
Telephone: (213) 239-9800
Facsimile: (213) 239-9045

ROPES & GRAY, LLP

Douglas H. Hallward-Driemeier (BBO# 627643)
ROPES & GRAY, LLP
2099 Pennsylvania Avenue, N.W.
Washington, D.C. 20006
Telephone: (202) 508-4600
Facsimile: (202) 508-4650

John P. Bueker (BBO# 636435)
ROPES & GRAY, LLP
Prudential Tower
800 Boylston Street
Boston, MA 02199
Telephone: (617) 951-7000
Facsimile: (617) 951-7050


Attorneys for Defendant
PPD DEVELOPMENT, L.P.


June 9, 2023

## REQUEST FOR ORAL ARGUMENT

Pursuant to Local Rule 7.1(d), Defendant submits that it believes oral argument may assist the Court in deciding this Motion. Defendant hereby requests that the Court schedule an oral argument for this Motion.

## CERTIFICATION OF CONFERENCE OF PARTIES

Pursuant to Local Rule 7.1(a)(2), counsel for Defendant certifies that it has conferred with counsel for Plaintiff and attempted in good faith to resolve or narrow the issues raised herein.

## CERTIFICATE OF SERVICE

I hereby certify that the within document filed through the CM/ECF system will be sent electronically to the registered participants as identified on the Notice of Electronic Filing on June 9, 2023.

/s/ *Rachel Reingold Mandel*
Rachel Reingold Mandel

39648205.1

56238666.v1-OGLETREE