UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| LISA MENNINGER,<br><br>　　　　　Plaintiff,<br><br>v.<br><br>PPD DEVELOPMENT, L.P.,<br><br>　　　　　Defendant. | Civil Action No.  1:19-CV-11441-LTS |

### ASSENTED-TO MOTION TO STAY EXECUTION OF THE JUDGMENT

Pursuant to Rule 62(b) of the Federal Rules of Civil Procedure, Defendant PPD Development, L.P. hereby moves for an order staying the execution of this Court's Final Judgment pending resolution of Defendant's post-judgment motions and (if necessary) any subsequent appeals, without requiring Defendant to post a bond. Plaintiff Lisa Menninger has assented to the relief requested in this Motion. As grounds for the Motion, Defendant states as follows:

　　　　1.　　On May 12, 2023, the Court entered its Final Judgment (ECF Doc. No. 170), awarding Plaintiff $24,677,806.45 in damages, costs, and attorneys' fees.

　　　　2.　　On June 9, 2023, Defendant filed a Motion for a New Trial , or in the Alternative, Remittitur (ECF Doc. No. 179) and a Renewed Motion for Judgment as a Matter of Law (ECF Doc. No. 180). Plaintiff filed her combined Opposition to the Motions on July 7, 2023 (ECF Doc. No. 186), and PPD (with leave of Court) filed its Reply in further support of the Motions on July 28, 2023 (ECF Doc. No. 189). The Motions remain pending, and Defendant has requested oral argument on the Motions pursuant to Local Rule 7.1(d).

3. Defendant believes that it has presented meritorious arguments for reversal of the judgment, for a new trial, or for a substantial reduction in the amount of the judgment.

4. A party seeking to stay the execution of judgment usually is required to post a bond. *See* Fed. R. Civ. P. 62(b); D. Mass. LR 6.2.2. A party may obtain a stay under Rule 62(b) without posting a bond, however, if its "ability to pay is so plain that the posting of a bond would be a waste of money," or the bond would put its "other creditors in jeopardy." *Acevedo-Garcia v. Vera-Monroig*, 296 F.3d 13, 17 (1st Cir. 2002).

5. Here, Defendant submits that no bond is necessary because its ability to pay is so plain that the posting of a bond would be a waste of money. As set forth in the attached Affidavit of Keith Wexelblatt, Defendant's parent corporation (Thermo Fisher Scientific Inc. ("Thermo Fisher")) has unequivocally assumed the obligation to satisfy the Final Judgment, plus pre- and post-judgment interest, and Thermo Fisher's adjusted net income in the second quarter of 2023 exceeded $1.9 billion. *See, e.g.*, *Guzman v. Boeing Co.*, Civil Action No. 13-12615-JGD, 2019 WL 468195, at *7-8 (D. Mass. Feb. 6, 2019) (waiving bond requirement for stay of execution based on defendant's submission of a copy of quarterly report showing that its net earnings in first quarter of 2018 exceeded $2 billion); *see also Ford v. Bender*, 903 F. Supp. 2d 90, 106 (D. Mass. 2012) (holding that affidavit from Commonwealth stating that it would assume obligation to satisfy any judgment against defendants, who were officials in Commonwealth's Department of Corrections, was "adequate proof that any judgment will be satisfied"), *rev'd in part on other grounds*, 768 F.3d 15 (1st Cir. 2014).

6. Accordingly, there is no question that Defendant will be able to satisfy the judgment if its post-trial motions are denied and any subsequent appeals are unsuccessful.

7. Plaintiff, through her counsel, has assented to the relief requested in this Motion—i.e., that the Court issue a stay on execution of the judgment, without requiring Defendant to post a bond.

WHEREFORE, Defendant PPD Development, L.P. respectfully requests that the Court enter an order staying execution of its Final Judgment pending resolution of Defendant's post-trial motions, and of any subsequent appeals, without requiring Defendant to post a bond.

Respectfully submitted,

**PPD DEVELOPMENT, L.P.**

By its attorneys,

*/s/ Rachel Reingold Mandel*
Rachel R. Mandel (BBO# 660495)
Patrick M. Curran (BBO# 659322)
OGLETREE, DEAKINS, NASH, SMOAK & STEWART, P.C.
One Boston Place, Suite 3500
Boston, MA 02108
Telephone: (617) 994-5700
Facsimile: (617) 994-5701

Jack S. Sholkoff (admitted *pro hac vice*)
Catherine L. Brackett (admitted *pro hac vice*)
OGLETREE, DEAKINS, NASH, SMOAK & STEWART, P.C.
400 S. Hope Street
12th Floor
Los Angeles, CA 90071
Telephone: (213) 239-9800
Facsimile: (213) 239-9045

ROPES & GRAY, LLP

Douglas H. Hallward-Driemeier (BBO# 627643)
ROPES & GRAY, LLP
2099 Pennsylvania Avenue, N.W.
Washington, D.C. 20006
Telephone: (202) 508-4600
Facsimile: (202) 508-4650

>John P. Bueker (BBO# 636435)
>ROPES & GRAY, LLP
>Prudential Tower
>800 Boylston Street
>Boston, MA 02199
>Telephone: (617) 951-7000
>Facsimile: (617) 951-7050

ASSENTED TO:

LISA MENNINGER
By her attorney,

*/s/ Patrick J. Hannon*
Patrick J. Hannon, BBO# 664958
HARTLEY MICHON ROBB LLP
155 Seaport Boulevard, 2nd Floor
Boston, MA 02210
Telephone: (617) 723-8000
Facsimile: (617) 447-2800
Email: phannon@hartleymichonrobb.com

Dated: September 29, 2023

### CERTIFICATION PURSUANT TO D. MASS. LOCAL RULE 7.1(a)(2)

Pursuant to D. Mass. L.R. 7.1(a)(2), I hereby certify that the parties, through their counsel, have conferred (via email) in a good-faith attempt to resolve or narrow the issues presented by this Motion, and that counsel for the Plaintiff has stated that Plaintiff assents to the relief requested in the Motion.

>*/s/ Rachel Reingold Mandel*
>Rachel Reingold Mandel

## CERTIFICATE OF SERVICE

    I hereby certify that the within document filed through the CM/ECF system will be sent electronically to the registered participants as identified on the Notice of Electronic Filing on September 29, 2023.

                                                              */s/ Rachel Reingold Mandel*
                                                              Rachel Reingold Mandel